JOSEPH MONGET, Tutor, *v.* JOSEPH PENNY et al

Where a husband, without qualification or limitation, joined his wife in signing a promissory note, it will be presumed, that he intended to bind himself for its payment; and not that he merely authorized her to incur the obligation.

The makers of a promissory note, which reads, "I promise to pay," &c. &c., incur a solidary obligation.

A father, acting in the capacity of tutor to his minor children, is the representative of the succession of their mother, and as such, the proper party to be sued for a debt for which she was liable.

APPEAL from the parish of East Baton Rouge, *Burk*, J. *George S. Lacy*, for plaintiff. *D. D. Avery*, and *H. B. White*, for defendants. By the court:

. EUSTIS, C. J. This action is brought upon a promissory note, signed by the defendant *Penny* and his *Wife*, against *Penny* and the heirs of his deceased wife.

The defendant himself pleaded the general issue, and, as tutor to his minor children, took an exception to the plaintiff's action.

The case was submitted to the court below, on the pleadings and on the evidence adduced. The court sustained the exceptions to the action, and dismissed the plaintiff's petition. The plaintiff has appealed.

It is insisted in this court, that the judgment of the district court ought to be reversed, and an absolute judgment rendered against *Penny*.

The note sued on is to this effect: Twelve months after date, I promise to pay to the order of *Thomas Lilley*, two hundred dollars, at the Branch of the City Bank, New Orleans, &c; signed, *Ann M. Penny, Joseph Penny*.

It is contended, that in signing this note *Penny* did not bind himself, but merely gave his authority to his wife to bind herself. We are of a different opinion. *Penny* having affixed his signature to the note without any qualification or limitation, must be considered as contracting a personal obligation. If he merely intended to authorize his wife to bind herself, he should have so written, according to the uniform usage in such cases. He bound himself, by his signature, as a promissor, and is responsible *in solido* with his wife on the note. It reads as to him, *I promise*, &c., and does not imply a joint obligation, as if the plural, *we promise*, was made use of.

The exceptions made by the defendant in his capacity as tutor to his minor children were, first, that the plaintiff's claim, being against the succession of their mother, the minor heirs could not be sued by an action against their tutor, and judgment rendered against them, inasmuch as they were beneficiary heirs, and not personally responsible for the debts of their mother; secondly, that the succession never having been subjected to a judicial administration, and no partition of the same having been made, the plaintiff should have caused an administrator to be appointed, against whom, as the legal representative of the succession, suit ought to have been brought.

We are of opinion, that the plaintiff was not bound to cause an administrator to be appointed to the succession, and that the defendant, as tutor to his minor children, was the representative of the succession, and as such, the proper party defendant to the plaintiff's suit.

It is therefore ordered, that the judgment of the district court be reversed, and that the case be remanded for further proceedings against *Joseph Penny*, tutor of his minor children ; and it is further ordered, that the plaintiff recover from the defendant, *Joseph Penny*, the sum of two hundred dollars, with interest at ten per cent per annum, from January 1st, 1841, with costs in both courts.