(62 South. 935.)

No. 19,510.

WILLIAMSON et al. v. Succession of
SCOTT.

(June 30, 1913.)

*(Syllabus by the Court.)*

1. PARTNERSHIP (§ 258*) — SETTLEMENT AND
ACCOUNTING—ACTION AGAINST TUTRIX.

A suit against a tutrix administering the
succession of her husband for a settlement of
the affairs of a partnership of which he was
a member will not be *held* to be premature un-
less the defendant can show some special rea-
son for urging that it is premature.

[Ed. Note.—For other cases, see Partnership,
Cent. Dig. §§ 564–576, 578–598; Dec. Dig. §
258.*]

2. PARTNERSHIP (§ 258*)—SETTLEMENT—AC-
TION AGAINST TUTRIX—DOMICILE.

A tutrix administering the succession of
her husband may be sued at her domicile for
the settlement of a partnership of which her
husband was a member, even though her dom-
icile is not the domicile of the dissolved part-
nership, and that is particularly true where the
other members of the dissolved partnership,
who are nonresidents, subject themselves to the
jurisdiction of the court, wherein the suit is
brought, for a full settlement of all the affairs
of the partnership.

[Ed. Note.—For other cases, see Partner-
ship, Cent. Dig. §§ 564–576, 578–598; Dec.
Dig. § 258.*]

Appeal from Twenty-Sixth Judicial Dis-
trict Court, Parish of Washington; Thomas
M. Burns, Judge.

Action by James W. Williamson and an-
other against the Succession of Geo. A. Scott.
From a judgment for defendant, plaintiffs
appeal. Reversed and remanded.

T. M. & J. D. Miller, of New Orleans, for
appellants. R., C. & S. Reid, of Amite, and
Herman E. Gayer, of Franklinton, for ap-
pellee.

BREAUX, C. J. This suit was brought
against Letha L. Scott, personally and as
tutrix of her minor children and survivor
in community and as such administering the
estate of her late husband, George A. Scott,
for an accounting and for the settlement of
a partnership of which her late husband was
one of the parties.

For the decision of defendant's exception
it is admitted that James W. Williamson and
W. B. Aycock, the petitioners, and the de-
ceased, George A. Scott, formed a partner-
ship in October, 1898, for the purpose of
conducting a naval store and turpentine
business in the county of Marion, state of
Mississippi, under the firm name of Scott,
Aycock & Williamson; the interest of each
being one-third.

The partnership had timber for turpentine
purposes and a still, tools, and outfit, in-
cluding a few head of cattle.

Plaintiffs allege that prior to the death of
George A. Scott, in March, 1911, the busi-
ness was conducted by the petitioners and
the late partner, George A. Scott, and since
by petitioners.

The allegations of plaintiffs further are
that the late George A. Scott to the date of
his death was the manager in Mississippi;
that the disbursements and receipts were
made through him; that accounts of the
partnership have been adjusted and settled;
that over $30,000 worth of rosin was shipped
and disposed of; large amounts were col-
lected by him; that they have made demand
for settlement.

They supplement their averments by alleg-
ing impropriety of conduct as a partner and
fraud. Petitioners allege that they are
ready to account for their respective manage-
ment in so far as they have managed, and
offer and tender a settlement in so far as
they are concerned. They both allege that
they are willing and anxious to render an
accounting.

Petitioners aver that the succession of
Scott was opened in the parish of Wash-
ington by his widow, Letha L. Scott, who re-
sides in that parish. She applied for letters
of administration and caused an inventory
to be taken; that she subsequently aban-

doned her application; that she was appointed tutrix of her minor children; and that in her capacity as tutrix she is administering the estate of her late husband, George A. Scott; petitioners charge that the inventory made is not complete; that she made away with money of the succession and disposed of property of the succession; that as survivor in community and as tutrix she ought to have accounts, papers, and documents of the succession and of the partnership, showing amounts realized by the decedent from the partnership, which she should deliver to them.

They pray that Letha L. Scott, individually and as tutrix, administering the estate, be condemned to produce accounts and papers relating to the business of the firm of Scott, Aycock & Williamson, showing moneys received and disbursed on account of the firm since January 1, 1910; that, after due proceedings and after the balance will have been proven as due, there be judgment rendered for the amount due.

Plaintiffs have alleged other facts than those before stated; the purpose in the main is an accounting and settlement of the partnership. Plaintiffs are not domiciled in this state.

Defendant does not in her exception allege any objection to the settlement of the partnership, except that the action is premature; the grounds are not alleged.

[1] The plea of prematurity, alleged in the exception, must be overruled. It has nothing upon which to stand as relates to the settlement of the partnership; the suit for settlement can be as well brought at this time as any other; it is not suggested by defendant that other legal steps ought to have been taken before instituting this suit.

[2] We will add further that the defendant urges no objection to the settlement except to the extent she alleges that the court is without jurisdiction, which may give rise to the inference that defendant's grounds are that a suit for such a settlement does not lie, because two of the partners are nonresidents, and nearly all the property is in another state. These grounds, even if expressly suggested, would not divest the court of jurisdiction. Courts are open for the settlement of partnerships that are dissolved at the domicile of one of the partners if the other partners choose to sue him for settlement at that domicile, provided conditions justify the settlement there, and provided they place themselves before the court in a situation which will enable the court to exact of them the performance of all their obligations to the partnership.

By permitting them to sue here it must not be inferred that they are to be relieved from their own responsibility as former partners. They cannot hold the succession of their former partner and themselves go scot-free; that would not be even-handed justice.

The suit, it is true, must be brought, in matters relative to the partnership, before the tribunal where it exists (Code Proc. 165) "as long as the partnership continues." We have stated the partnership is dissolved; it never had a domicile, we take it.

Other grounds of defendant are that plaintiffs' petition is vague, uncertain, and ambiguous.

To the extent that plaintiffs seek to settle a defunct partnership, it will be time later to decide whether plaintiffs have brought their action with sufficient allegations. They have the burden of pleading. The object should be the formation of a definite issue and the introduction of sufficient evidence thereunder that will become of importance on the trial.

Lastly the exception is that plaintiffs' petition does not disclose a cause of action.

The views before expressed dispose of that last ground of the exception.

We have considered the defense as if still pending in the district court to be decided by the district judge, and from that point of view we have arrived at the conclusions before expressed. It is, we consider, as if two resident partners were suing another resident partner after dissolution of the partnership. If the creditors do not object, the tutrix administering has authority to defend the suit. Monget v. Penny et al., 7 La. Ann. 134. We thus state because in argument it was urged that the tutrix had no right to stand in judgment.

It is therefore ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed. The cause is remanded to be proceeded with in accordance with law. The costs to await final decision.