142 So.2d 796

Joseph D. BROWN, Sr., et al.

v.

NEW AMSTERDAM CASUALTY
COMPANY et al.

Joseph D. BROWN, Jr., et al.

v.

NEW AMSTERDAM CASUALTY
COMPANY et al.

No. 46014.

June 29, 1962.

Stafford & Pitts, Alexandria, for relators.

Hudson, Potts & Bernstein, Monroe, amicus curiæ.

Watson, Williams & Brittain, Natchitoches, Bryan J. Lehmann, Jr., Norco, Gist, Murchison & Gist, Howard B. Gist, Jr., Alexandria, for respondents.

HAMITER, Justice.

These two consolidated tort actions arose out of a vehicular collision occurring in Natchitoches Parish on September 1, 1960 between an automobile driven by Joseph D. Brown, Sr., one of the plaintiffs, and a truck operated by Eugene Jones that was owned by his employer, Everett W. Manning, and was insured by the New Amsterdam Casualty Company. Passengers in the automobile at the time of the accident were Brown, Sr.'s, wife, his two minor children, and a minor child of Joseph D. Brown, Jr. Allegedly, all of them sustained injuries as a result of the collision, those of Mrs. Brown ultimately causing her death.

The instant suits were instituted subsequent to January 1, 1961 by Brown, Sr. and Brown, Jr., against Manning, his insurer (the New Amsterdam Casualty Company), and others, to recover damages for themselves and their minor children.

Manning and his insurer, after answering, filed third party petitions against Hartford Accident and Indemnity Company, the automobile liability insurer of Joseph D. Brown, Sr., alleging that the latter was a joint tort feasor and as such he and his insurer were liable for their proportionate share of whatever damages might be assessed.

To the third party petitions Hartford tendered exceptions of no right and no cause of action. These were sustained by the district court and such petitions dismissed.

The rulings were affirmed by the Court of Appeal (136 So.2d 283 and 286), and we granted certiorari at the instance of Manning and his insurer.

Initially, Revised Civil Code Article 2103 recited: "The obligation contracted in solido towards the creditor, is of right divided amongst the debtors, who, amongst themselves, are liable each only for his part and portion." And Revised Civil Code Article 2324 stated and now states: "He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act."

By Act 30 of 1960, which became effective January 1, 1961, the mentioned Article 2103 was amended and re-enacted so as to provide:

"When two or more debtors are liable in solido, whether the obligation arises

from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.

"A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff."

On these quoted provisions of Article 2103, as amended by the 1960 statute, the controverted third party petitions herein are based.

In affirming the dismissal of the third party petitions the Court of Appeal first recognized that under the jurisprudence of this state as it existed prior to the 1960 amendment to Article 2103 an alleged tort feasor could not enforce contribution from a person whom he asserted to be a joint wrongdoer unless and until both had been cast in solido by a judgment secured by the injured party. It then approved the contention of the exceptors that the amendment of 1960 constituted a substantive, rather than a procedural, change

in the law; and that, hence, the change could not affect the rights of co-tort feasors respecting an accident occurring prior to the effective date of the legislative amendment. But the conclusion of the Court of Appeal, as well as the contention of exceptors, appears to be based on the false premise that the rights of joint tort feasors, as between themselves, arise on the commission of the tort.

It is true that as of that time the injured party's right and cause of action against either or both of two joint tort feasors come into being; and conversely, the obligation of each of the latter to the claimant also commences. On the other hand, the rights and obligations as between the joint wrongdoers do not then arise, because they are not created by virtue of the commission of the tort and of the provisions of Revised Civil Code Article 2315. Rather, they spring from the principle of contribution, enunciated in Article 2103 and our jurisprudence, which is required of solidary obligors when one has been compelled to pay the full amount of the obligation. See Sincer v. Bell, 47 La. Ann. 1548, 18 So. 755 and Quatray v. Wicker et al., 178 La. 289, 151 So. 208. And it is only after judicial demand has been made on one of two or more solidarily obligated tort feasors that he can have any possible interest in seeking contribution.

Therefore, herein, when the 1960 amendment to Revised Civil Code Article 2103 became effective on January 1, 1961 there were no rights or obligations in esse as between Manning and New Amsterdam, on the one hand, and the third party action defendant, Hartford (the instant suits were not filed until after that date); and, as a consequence, those codal provisions could not possibly have affected any pre-existing substantive rights as between such parties. From which it follows that it is immaterial whether the relief afforded by the 1960 amendment is substantive or procedural.

Counsel for Hartford argue that it had a substantive right not to be sued by these plaintiffs. But we find no authority recognizing such a right in it; nor can we perceive any logical reason for concluding that it had that immunity. In this connection (as aforeshown), the only rights arising from the commission of a tort lie with the injured party, the joint wrongdoers having incurred obligations only. Initially, the former alone, in other words, is entitled to seek redress (or not to do so) against either or all of the tort feasors.

Incidentally, the rights of plaintiffs herein were unaffected by the amendment to Revised Civil Code Article 2103. In fact, in the brief of their counsel filed here it is said that "they have no direct interest in this matter."

For the reasons assigned the judgments dismissing the third party petitions of Everett W. Manning and the New Amsterdam Casualty Company are reversed and set aside, the exceptions of no right and no cause of action filed by Hartford Accident and Indemnity Company are overruled, and these cases are remanded to the district court to be proceeded with in accordance with law and the views hereinabove expressed. Costs relating to such exceptions are to be paid by Hartford. All other costs shall await the final determination of the litigation.