HARDY, Judge.
This action, ex delicto, was instituted by plaintiff on April 20, 1961, naming Southern Farm Bureau Casualty Insurance Company as defendant. The suit is the result of a motor vehicle collision which occurred on October 17, 1960, at which time plaintiff was a passenger in an automobile owned and operated by his son, James W. Lowery. On October 12, 1961, the defendant, Southern Farm, filed a third party petition implead-ing James W. Lowery as third party defendant, to which an exception of no cause of action was interposed by the named party. From judgment sustaining the exception and dismissing the demands of third party plaintiff against Lowery, third party defendant, the former prosecutes this appeal.
The issue presented by this appeal was succinctly stated in the brief of counsel for appellant as follows:
“May a defendant in a suit for damages for personal injuries sustained in an automobile accident that occurred on October 17, 1960, implead the driver of the other vehicle in a suit filed after January 1, 1961 ?”
The contention on behalf of the exceptor is that the amendment to LSA-C.C. Article 2103, which became effective January 1, 1961, permitting the impleading of a soli-dary co-debtor as a third party defendant under the provisions of LSA-C.C.P. Article 1111 et seq., effected a change in substantive law available only with reference to causes of action arising subsequent to the effective date of said amendment. A secondary and dependent contention was made that if the amendment effected a change in substantive law, the rights of the parties should be determined as of the date of the accident and not the date of institution of suit.
The identical issue presented by this appeal has been considered and deter *233 mined by the Supreme Court in Brown v. New Amsterdam Casualty Company, 243 La. 271, 142 So.2d 796. The court squarely decided that no rights or obligations between joint tort feasors come into existence until after the making of judicial demand, and, as a consequence, it is immaterial whether the relief afforded by the amendment to the codal article is substantive or procedural.
It follows that the judgment appealed from should be, and, accordingly, it is annulled and set aside, and
IT IS NOW ORDERED, ADJUDGED AND DECREED that the exception of no cause of action on behalf of James W. Lowery be and it is overruled and this suit is remanded to the Honorable Tenth Judicial District Court in and for the Parish of Red River, Louisiana, for further proceedings in accordance with the views herein expressed.
Costs incurred with relation to the exception under consideration are assessed against the third party defendant, James W. Lowery. It is ordered that all other costs await final determination of this litigation.