LANDRY, Judge.
This is a wrongful death action instituted by Elisie Breaux, the duly qualified tutor of the Minors, Daniel Paul Leonard and Jennifer Anne Leonard, on behalf of his said wards to recover damages for the alleged accidental deaths of Lloyd Leonard and Harriet Breaux Leonard, parents of said minors, who were killed in an automobile-train grade crossing accident which occurred September 23, 1961.
*694 The original petition filed on behalf of said minors prays for judgment in their behalf for the death of both said parents. Named as defendants are The Texas and Pacific Railway Company, Incorporated (hereinafter sometimes referred to simply as “Texas and Pacific”), and two of its employees, namely, D. J. Toney and Fred W. Wilson, Jr., Engineer and Fireman, respectively, who were operating the locomotive forming a unit of the train involved in the fatal accident. Alternatively, in the event decedent Lloyd Leonard be found guilty of contributory negligence proximately causing the accident, plaintiff’s petition asserts a cause of action on behalf of said minors directly against American Employers Insurance Company, liability insurer of the vehicle being driven by decedent Lloyd Leonard at the time of the accident and in which decedent Mrs. Harriet Breaux Leonard was riding as a guest passenger.
The aforesaid defendants answered plaintiff’s demand with a third party petition alleging Lloyd Leonard, father of the minors, Daniel Paul Leonard and Jennifer Anne Leonard, to be a joint tort feasor and, on said basis, made American Employers Insurance Company, insurer of the Leonard vehicle; Elisie Breaux, in his capacity as tutor of the minors, Daniel Paul Leonard and Jennifer Anne Leonard; and the Minors, Daniel Paul Leonard and Jennifer Anne Leonard, through their said tutor, third party defendants praying for contribution from said third party defendants to the extent of one-half of the amount of any judgment for which third party plaintiffs might be cast.
Defendants’ third party petition was countered by plaintiff’s filing an exception of no right and no cause of action with respect thereto predicated upon grounds hereinafter set forth and discussed in detail. The trial court sustained plaintiff’s exception to defendants’ third party complaint and entered judgment in favor of plaintiff, tutor, rejecting and dismissing the third party demand of the initial defendants herein. This matter is now before us upon defendants’ application for writs granted upon the complaint that the court below erroneously sustained plaintiff’s exception of no right and no cause of action and improperly dismissed defendants’ third party demand.
Prior to institution of the present wrongful death action, the estates of decedents Lloyd and Harriet Breaux Leonard were accepted, with benefit of inventory, by plaintiff, tutor, on behalf of his aforesaid minor wards and judgment rendered declaring said minors the sole heirs at law of said decedents and, as such, recognizing said minors as owners and sending and placing them in possession of said decedents’ estates.
The following issues are before us for resolution:
(1) Can a third party petitioner im-plead an alleged joint tort-feasor in a wrongful death action?
(2) Can a third party petitioner im-plead the initial plaintiff?
(3) Can the estate of an alleged joint tort-feasor be impleaded as third party defendant through the tutor of the minor heirs of the alleged joint tort-feasor when the estate of the reputed joint tort-feasor has been accepted by the tutor, with benefit of inventory, for and on behalf of the minor heirs thereof?
The procedural device of third party pleadings was introduced in this state with the adoption of Act 433 of 1954. The pertinent provisions of the initial statute read as follows:
“That in any civil action presently pending or hereafter filed the defendant in a principal action may by petition bring in any person (including a co-defendant) who is his warrantor, or who is or may be liable to him for *695 all or [any] part of the principal demand.”
In Bourree v. A. K. Roy, Inc., 232 La. 149, 94 So.2d 13, our Supreme Court held that the purpose of the statute, modeled on the federal third-party practice act, is to provide a method of settling all liability, in one action, where a third party is indebted to a defendant in the main demand for all or any part of the obligation sued upon by the initial plaintiff.
In Kahn v. Urania Lumber Company, 103 So.2d 476, our brothers of the Second Circuit had occasion to interpret the provisions of Act 433 of 1954 and in so doing reached the conclusion that the statute does confer upon one joint tort-feasor the right to implead another and demand contribution. The Court, however, found the statute to be procedural only and ruled that it intended no change in our substantive laws. The court held that the substantive right of a tort-feasor to demand contribution from an alleged co-tort feasor was, under the provisions of Article 2103 LSA-R.C.C., and the jurisprudence interpretative thereof, dependent upon both being cast in a single action, and further held that, since the third party defendant was not joined in the action by the initial plaintiff, the initial defendant (third party petitioner) had no substantive right to demand contribution and dismissed defendant’s third party complaint.
Obviously to offset the effect of the Kahn case, supra, the legislature of this state adopted Act 30 of 1960 which, amended, reenacted and revised Article 2103 LSA-R.C.C., effective January 1, 1961, which, incidentally, is the effective date of LSA-C.C.P. As revised, Article 2103, LSA-R.C.C. provides that, irrespective of whether he was sued by the initial plaintiff, a co-tort feasor may be impleaded as a third party defendant under the provisions of Article 1111 LSA-C.C.P. The revision of Article 2103 LSA-R.C.C. effected by Act 30 of 1960, removed all doubt as to the right of one co-tort feasor to implead and demand contribution from another notwithstanding said other was not made an original party defendant.
Subsequent to the adoption of Act 30 of 1960, the Supreme Court was called upon to determine the right of a defendant to implead and demand contribution from an alleged co-tort feasor by third party petition as conferred by Act 30 of 1960 as well as the provisions of LSA-C.C.P. Article 1111. We refer, of course, to Brown v. New Amsterdam Casualty Company, 243 La. 271, 142 So.2d 796. In the Brown case the Supreme Court clearly held that pursuant to Act 30 of 1960 and LSA-C.C.P. Article 1111, the initial defendant was entitled to implead his alleged tort feasor. The issue, in the Brown case, however, was whether Act 30 of 1960 and Article 1111 LSA-C.C.P. were applicable in view of the fact that the accident in question occurred September 1, 1960. In the Brown case the third party defendant maintained the act and statute involved were unconstitutional if given retroactive effect since they dealt with substantive rights.- The Supreme Court, however, held that as among joint tort feasors the right of contribution arises upon judicial demand being made against one of the two or more solidarity obligated joint tort feasors. Based on this premise the court concluded that since the suit against third party plaintiff was instituted subsequent to January 1, 1961, it mattered not whether the rights affected thereby were substantive or procedural, because the rights of third party plaintiff against the third party defendant did not arise until the suit was filed on a date subsequent to January 1, 1961.
We deem the foregoing ample authority for the rule that a defendant in a wrongful death action may, by third-party petition, implead and demand contribution from an alleged co-tort feasor.
Learned counsel for plaintiff, tutor, contends that to permit defendants to bring a third-party action herein is tantamount to permitting defendants to assert a wrongful *696 death action which is personal to the survivors of the decedent pursuant to LSA-R.C.C. Article 2315. The argument, admittedly ingenious, is devoid of merit in that it fails to recognize the character of the right herein attempted to be asserted by third-party plaintiffs. In seeking to bring the insurer of decedent Lloyd Leonard, as well as plaintiff-tutor and the minors, Daniel Paul Leonard and Jennifer Anne Leonard, into this action as third-party defendants, third-party plaintiffs are not seeking recovery for wrongful death but rather contribution from an alleged co-tort feasor which obligation did not arise until judicial demand was made on third-party plaintiffs herein. Brown v. New Amsterdam Casualty Company, supra. The fact that the right to demand contribution may now be asserted and enforced by means of a third party action incident to the initial proceeding or principal action neither alters nor changes the nature of the respective rights between the third-party petitioner and his alleged co-tort feasor. Contrary to plaintiff’s contention, the object of the third party action is not to seek judgment in favor of the original plaintiff against the third-party defendant but rather to obtain judgment in favor of the defendant in the principal demand against the third-party defendant who is or may be liable to the original defendant for all or part of the principal demand, that is, for all or any part of the judgment which may be rendered against the defendant in the primary action. The nature and source of the rights sought to be enforced in the principal action do not affect any right which third-party plaintiff possesses against a third party defendant, provided it be asserted in accordance with applicable provisions of our Civil Code and Code of Civil Procedure.
Plaintiff also contends that our Third Party Practice Act does not permit impleading the original plaintiff and in support of this position relies upon the hereinafter italicized portions of Article 1111 of the LSA-Code of Civil Procedure, as follows:
“The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.
“In such cases the plaintiff in the principal action may assert any demand against the third party defendant arising out of or connected with the principal demand. The third party defendant thereupon shall plead his objections and defenses in the manner prescribed in Articles 921 through 969, 1003 through 1006, and 1035. He may reconvene against the plaintiff m the principal action or the third party plaintiff, on any demand arising out of or connected with the principal demand, in the manner prescribed in Articles 1061 through 1066.” (Italics as appears in brief of counsel for plaintiff.)
Plaintiff maintains that the italicized language indicated an intention to prohibit a party defendant from impleading the plaintiff in the original action. It is argued that the words “he may reconvene against the plaintiff in the principal action” suggest that the initial plaintiff is excluded from those who may be made third party defendants. However, in our view, the clause alluded to does not necessarily prevent the calling of the original plaintiff as a third party defendant under any and all circumstances. We believe the controlling language to be the following: “The defendant in a principal action by petition may bring in any person * * * who is or may be liable to him * * It is hardly necessary to state that to' give the statute the obvious effect which the legislature intended to accord thereto, the words “any person” as employed therein must be interpreted in its broadest sense which includes by way of extension, persons, corporations and estates. We detect no lan *697 guage in the act indicative of intention to preclude impleading a plaintiff as a third-party defendant.
With respect, however, to the minors, Daniel Paul Leonard and Jennifer Anne Leonard, defendants’ third party petition states no right or cause of action and in this regard the trial court properly sustained the exceptions filed on behalf of said minors. The pleadings affirmatively show that neither of said minors could conceivably be considered a joint tort feasor herein since neither was even remotely involved in the fatal accident. Conceding they are heirs of a party who may ultimately be held liable in contribution to third party plaintiff, namely, the estate of their deceased father, said minors are not, in such capacity, personally amenable to contribution to third party plaintiff. The sole source from which third party plaintiff may expect contribution herein is the estate of decedent Lloyd Leonard. Under no circumstances may either minor incur liability for any debt of the succession of their deceased father. The third party petition affirmatively shows that said minors have been placed in possession of the estate of their father with benefit of inventory as required by law. They are, therefore, immune to liability for the debts of the succession they have inherited and are entitled by such acceptance merely to the net estate of their said ancestor, if any.
We believe the most serious issue presented by this present action is whether, as contended by counsel for third-party plaintiffs, the succession of decedent Lloyd Leonard may be impleaded as a third-party defendant herein through plaintiff Elisie Breaux in his representative capacity as tutor of the Minors, Daniel Paul Leonard and Jennifer Anne Leonard. The third-party complaint alternatively avers that decedent Lloyd Leonard was guilty of negligence constituting a proximate cause of the accident in question and is, therefore, liable in contribution to defendants and further that plaintiff Elisie Breaux was placed in possession of the estates of decedents Lloyd Leonard and Harriet Breaux Leonard in his representative capacity as tutor of the Minors, Daniel Paul Leonard and Jennifer Anne Leonard, with benefit of inventory. Predicated upon the foregoing assertions, third-party plaintiffs maintain that plaintiff Elisie Breaux is in law the administrative representative of the Succession of decedent Lloyd Leonard and, as such, the proper party to be sued for a debt of said decedent’s succession.
As pointed out by esteemed counsel for defendants, it has been held in- some rather old cases, which our research discloses have never been overruled, that a tutor of minors in possession of property inherited by his wards, is the administrative representative of the succession of the decedent whose estate the minors have inherited and, in such capacity, the proper party to be sued for a debt or obligation of the succession. Joseph Monget, Tutor v. Joseph Penny et al., 7 La.Ann. 134; Soye v. Price, 30 La. Ann. 93. The foregoing authorities were cited with approval in Deshotels v. Lafleur, 134 La. 1052, 64 So. 905, although the De-shotels case did not involve the same point of law as was at issue in the Monget and Soye cases, supra. The rationale of the Monget and Soye cases, supra, appears to be sound and is deemed applicable to the case at bar.
Assuming decedent Lloyd Leonard to be liable in solido with defendants it cannot be seriously questioned that his estate bears the obligation of discharging the burden of contribution incurred by said decedent. That the estate is liable in contribution under such circumstances is not open to question. The issue is whether the estate may be made a third party defendant through plaintiff tutor. On the basis of the herein-above cited jurisprudence, we hold that the estate of decedent Lloyd Leonard was properly impleaded as third party defendant herein through plaintiff, Elisie Breaux, tutor of the minors, Daniel Paul Leonard and Jennifer Anne Leonard.
*698 We find no conflict of interest between the dual role of the tutor as plaintiff representing in one instance the estates of the minors in seeking recovery from defendants and as defendant in another instance resisting the third party demand against the estate of decedent Lloyd Leonard. Should it be ultimately determined that said decedent was in fact a co-tort feasor and therefore liable in solido with the original defendants, only the father’s succession and (to the extent of the community property) the mother’s succession will be answerable in satisfaction of any judgment obtained by defendants (as third party petitioners) for contribution. Neither the separate estate of decedent Harriet Breaux Leonard nor the estate of plaintiff minors, including any judgment obtained herein by said minors, would be liable to any extent whatsoever for contribution decreed against decedent Lloyd Leonard.
Considering the estate of decedent Lloyd Leonard was accepted on behalf of the minor children with benefit of inventory said minors cannot, under any circumstances, become liable for the obligations owed by decedent’s estate. See LSA-R.C. C. Articles 352, 1032 and 1054. In the event plaintiff tutor obtains judgment on behalf of the minors against the initial defendants herein and the estate of decedent Lloyd Leonard is held liable for contribution under the third party demand, plaintiff tutor may seek payment of the entire judgment from either or all of the initial defendants. Articles 2091 and 2094 LSA-R.C.C. provide in substance that a judgment creditor holding a judgment against two or more parties in solido may demand payment of the whole from any debtor so cast and the debtor, with respect to the claim of the creditor, may not plead the benefit of division. The creditor called upon to pay the solidary obligation must discharge the whole, his remedy against his solidary oblig-ors being merely to demand contribution. LSA-R.C.C. Articles 2104 and 2103 (as amended).
Under no circumstances, therefore, can recovery by the minor plaintiffs against initial defendants be in any wise affected or diminished by a judgment in favor of third party plaintiffs against the estate of decedent Lloyd Leonard under the third party demand. Moreover, prosecution of the minors’ claims against defendants is entirely compatible and consistent with the tutor’s defense of the third party demand against the estate of decedent Lloyd Leonard. If he is successful in obtaining judgment against defendants in favor of said minors and likewise prevails with respect to the third party demand the interests of the minors will be served in each instance. Defeat of the third party demand would obviate the possibility of contribution by the estate which the minors have inherited and in this regard, would certainly be in their interest.
It appears, therefore, that no question of conflict in or confusion of obligations may arise by virtue of the dual role occupied by the tutor in the case at bar. We see no valid reason why said tutor asserting the rights of one estate should not be made a third party defendant predicated upon an alleged obligation of another estate also under his administration, especially where there appears no conflict of interest involved.
We believe the views herein expressed and the results herein reached to be in accord with the obvious purposes of our Third Party Practice Act, namely, to avoid multiple law suits; to facilitate and expedite the trial of litigation; and, wherever possible, consistent with orderly procedure and due regard to the rights of all litigants involved, to dispose of all phases of an action in a single proceeding, the beneficial results to litigants and courts alike being too obvious to mention.
For the reasons hereinabove set forth, it is ordered, adjudged and decreed that the judgment of the trial court sustaining the exception of no right and no cause of action filed herein by plaintiff Elisie Breaux, *699 tutor, on behalf of the Minors, Daniel Paul Leonard and Jennifer Anne Leonard, to the third party petition filed by defendants, The Texas and Pacific Railway Company, Incorporated, D. J. Toney and Fred W. Wilson, Jr., is affirmed.
It is further ordered, adjudged and decreed that the judgment of the trial court sustaining the exception of no right and no cause of action filed herein by Elisie Breaux, tutor, for and on behalf of the estate of decedent, Lloyd Leonard, to the third party petition filed herein by the aforesaid defendants be and the same is hereby annulled, reversed and set aside and this cause remanded to the trial court for further proceedings consistent with the views herein expressed. Assessment of costs shall await the further outcome of this action.
Affirmed in part, reversed in part and remanded.