McBRIDE, Judge.
This is a suit for damages ex delicto against three alleged joint tortfeasors in which third party demands made by Sewerage & Water Board of New Orleans and New Orleans Public Service, Inc., two of the defendants and joint tortfeasors, against the other joint tortfeasor-defendant, Pratt Farnsworth, Inc., and its liability insurers, were dismissed on exceptions of no cause of action, and said third party plaintiffs have taken this appeal.
In the lower court, and also before us, counsel for the third party defendants,, Pratt Farnsworth, Inc., and its insurers, in support of their exceptions argue (quoting from their brief) thus:
“The only question before this court •is whether those pleadings are sufficient to state a cause of action. , ._
“Appellants argue in this court, as they did below, that they are entitled to bring actions for contribution as among joint tort feasors. * * *
“The object of the subject pleadings (i. e. the third party demands) is that if for any reason New Orleans Public Service, Inc. or Sewerage & Water Board should be held liable to the original plaintiff, then New Orleans Public Service, Inc. or Sewerage & Water Board should have judgment against all third-party defendants in solido in any amount in which it may be cast.
“The material facts alleged in each case are simply that the third-party defendants negligently caused the damage to the original plaintiff.
“In each case, the third-party plaintiffs have denied judicially that they were engaged in any work at the place of the accident or were negligent in any respect * * *.
“It is abundantly clear that the object of the pleadings at issue is indemnity, and that there is no allegation of fact, or suggestion of legal theory, or designation of legal relationship between the parties to support such an objective.
“Appellees further note that the third-party petitions in question obviously contemplate a situation in which New Orleans Public Service, Inc. or Sewerage & Water Board is held solely liable to the original plaintiff, and clearly do not claim contribution, for the object of these demands is to be indemnified.”
 There is no substance to appellees’ argument. The exceptions of no cause of action should not have been sustained as a *43 cause of action is clearly stated by appellants. Nowhere do they intimate or suggest, nor can it be deduced from the demands that they seek to hold Pratt Farns-worth, Inc., and its insurers as indemnitors or warrantors. Although no mention of contribution between joint tortfeasors appears therein, the third party pleadings disclose that Sewerage & Water Board of New Orleans and New Orleans Public Service, Inc., are charging Pratt Farnsworth, Inc., their joint tortfeasor, with the same acts of negligence that plaintiff charged against them, and they pray for a like judgment against the third party defendants as may be rendered against them on plaintiff’s claim for damages ex delicto. The only inference that may be drawn from the allegations is that the third party plaintiffs are seeking contribution from their alleged soli-dary codebtor, and we think the pleadings adequate. It is true the third party plaintiffs pray for recovery of the full amount of any judgment for which they may be cast, but this in itself is not fatal and does not preclude a recovery for contribution from the third party defendants for their virile portion. The prayer for the full amount was evidently founded on an erroneous conclusion of law which does not bind appellants. Continental Supply Co. v. Fisher Oil Co., 150 La. 890, 91 So. 287.
LSA-C.C. art. 2103, as amended, provides:
“When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.
“A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary codebtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff.”
LSA-C.C.P. art. 1111 in part reads:
“The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.”
The defendant in a suit arising ex delicto may maintain a third party action against his alleged joint tortfeasor. Brown v. New Amsterdam Casualty Company, 243 La. 271, 142 So.2d 796; Breaux v. Texas and Pacific Railway Company, Incorporated, La.App., 147 So.2d 693.
 It was not sacramental that these third party claimants specifically set forth that they sought contribution, for a pleading is to be so construed as to do substantial justice. LSA-C.C.P. art. 865. No technical forms of pleading are required, and objections and harsh rules of pleading are not favored. LSA-C.C.P. art. 854. West v. Ray, 210 La. 25, 26 So.2d 221; Seale v. Stephens, 210 La. 1068, 29 So.2d 65, noted 21 Tul.L.Rev. 703; Rials v. Davis, 212 La. 161, 31 So.2d 726; Althans v. Toye Bros. Yellow Cab Co., La.App., 191 So. 717, noted 14 Tul.L.Rev. 306; Davies v. Consolidated Underwriters, La.App., 14 So.2d 494. The modern tendency is toward a liberal construction of pleadings so that the ends of justice may be served and all doubt in pleadings should be resolved in favor of the pleader. Florida Molasses Co. v. Berger, 220 La. 31, 55 So.2d 771; Gomez v. Pope Park Inc., La.App., 56 So.2d 229. Moreover, according to LSA-C.C.P. art. 862,' except in the case of a judgment by default, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contained no prayer for general,. *44 and equitable relief. Under LSA-C.C.P. art. 2164 an appellate court is mandated to render any judgment which is just, legal and proper upon the record on appeal.
The judgment appealed from (rendered January 29, 1963) is reversed, and the exceptions which were sustained are now overruled and dismissed at the cost of the ap-pellees in both courts. The cause is remanded to the district court for further proceedings in accordance with law.
Reversed and remanded.