163 So.2d 569 (1964)
Emmett JOHNSON, Jr. on his own behalf and on behalf of his minor child, Emmett Johnson, III,
v.
HOUSING AUTHORITY OF NEW ORLEANS and the Travelers Insurance Co.
No. 1226.
Court of Appeal of Louisiana, Fourth Circuit.
January 6, 1964.
On Rehearing May 4, 1964.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre and Pat W. Browne, Jr., New Orleans, for appellants.
Reed, Reed & Reed, New Orleans, James M. Lockhart, Jr., and John A. Salvaggio, New Orleans, for appellees.
Before McBRIDE, YARRUT and CHASEZ, JJ.
*570 McBRIDE, Judge.
This is a suit wherein a father (during the marriage) for and on behalf of his one-year-old child sued his landlord and its liability insurer for damages allegedly occasioned when the child fell from an open porch or balcony of the leased premises and sustained physical injuries; it is averred the premises were unsafe in that there were no safeguards to prevent children falling from the unguarded balcony.
Defendants answered denying negligence and liability and then assumed the position of third party plaintiffs (under LSA-C.C. art. 2103 and LSA-C.C.P. arts. 1111 through 1116), impleading as their defendants the parents of the child whom they allege were guilty of negligence proximating the accident in that they failed to maintain proper supervision over their child and allowed it to play on the open porch unattended; the third party plaintiffs pray that in the event they be cast in judgment herein, they in turn have judgment for full indemnity against the parents, or, in the alternative, that the parents be held to be liable jointly and in solido with third party plaintiffs. To the third party demand the parents interposed an exception of no right or cause of action which was sustained, and the demand was dismissed; the third party plaintiffs have appealed from the judgment.
Even supposing, but certainly not deciding, that the parents were negligent and that their negligence proximated the accident or was a contributing or concurrent cause, the third party plaintiffs are entitled neither to indemnification nor enforcement of contribution from the parents. A child who is not emancipated cannot sue either parent during the continuance of their marriage when the parents are not judicially separated. LSA-R.S. 9:571. Filial duty should restrain the child from exposing the faults of its parents or worrying them with litigation and such immunity as the parents may have from suit by the minor child for personal tort arises from a disability to sue and not from a violated duty. Ruiz v. Clancy, 182 La. 935, 162 So. 734.
Had the action of the child for damages been directed against the instant defendants and also the parents, in solido, the parents could have successfully set up their immunity from suit as a bar to the demand against them. A codebtor in solido when sued by the creditor may plead all the exceptions resulting from the nature of the obligation and all such as are personal to himself. LSA-C.C. art. 2098.
The exception was properly sustained. To allow the defendants herein to prosecute their demands for indemnification or contribution against the parents would in effect be investing a wrongdoer, as against the co-tortfeasor, with a greater right than the tort victim has. The parents may urge their immunity from suit against the demands of its co-tortfeasor as well as they could have urged it against any claim asserted by the child. Contribution is founded on the theory of subrogation. LS A-C.C. art. 2161 declares that subrogation takes place when a debt is paid by one who being liable with another, or for another for the payment of the debt, has an interest in paying it. Quatray v. Wicker, 178 La. 289, 151 So. 208.
Under LSA-C.C. art. 3058 when several persons have been sureties for the same debtor and for the same debt, the surety who has satisfied the debt has his remedy against the other sureties in proportion to the share of each. But the party from whom contribution is demanded must have been under a legal obligation to pay at the time payment was made by him who demands the contribution. Stockmeyer v. Oertling, 35 La.Ann. 467; Ledoux v. Durrive, 10 La.Ann. 7.
It makes no difference that a contest between sureties was involved in each of the cited cases. The rules relating to obligations in solido, or joint obligations, are the same with regard to obligations arising ex delicto as with obligations arising ex *571 contractu, especially when they are fixed by judicial decree. Quatray v. Wicker, supra.
The judgment appealed from is affirmed.
Affirmed.

ON REHEARING
Before McBRIDE, YARRUT, SAMUEL, TURNER and BARNETTE, JJ.
SAMUEL, Judge.
Third party plaintiffs strenuously reurge their original demand for complete indemnity from third party defendants for the amount of any judgment which may be rendered against the former. They base their argument on the contention that this case is analogous to Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539.
In Appalachian the plaintiff owner of a building sought indemnity from the defendant vendor of the property after judgment had been rendered against the former in a prior suit. The judgment for which indemnity was sought was in favor of a watchman supplied by a private detective agency to guard the premises. He had been injured by a heavy iron door which fell when he attempted to open it. Appalachian's liability to the watchman was predicated solely upon its ownership of the building and its legal duty to keep it in safe condition. The accident occurred on the evening of the second day after it had purchased the property. The defendant vendor was in possession of the building at the time of the accident and had been in such possession for a number of years. The case holds that Appalachian could seek indemnity from the defendant because, from the allegations of the petition, the actual fault and the proximate cause of the accident and resulting injury were attributable to the defendant and the plaintiff was only technically or constructively at fault, the court stating that under such circumstances indemnity may be had against the one primarily responsible for the acts which caused the damage. Appalachian is distinguishable from the instant case.
Here the original defendants are sought to be held liable as a result of defects in the premises, which the Housing Authority had leased to plaintiff less than two weeks before the accident, or negligence in the maintenance thereof, far greater fault than the strictly technical fault of the plaintiff in Appalachian. In their third party demand these original defendants, as third party plaintiffs, allege that the third party defendants, the parents of the one year old child who was injured, were at fault in failing to properly supervise the child. The difference, if any, between the alleged negligence of the one as opposed to the alleged negligence of the other is not sufficient to bring this case within the rule of Appalachian. Third party plaintiffs are not entitled to the indemnity which enables a tort-feasor liable only technically to recover the entire amount of his loss from a tort-feasor liable primarily.
In connection with their alternate claim for contribution third party plaintiffs rely heavily upon the case of Breaux v. Texas & Pacific Railway Company, La.App., 147 So.2d 693. While we do not disagree with the holding in Breaux, that case has no application here. In Breaux the children were not prevented from suing their father. He was deceased and the marriage had come to an end. Under the specific wording of LSA-R.S. 9:571 the child who is not emancipated is prohibited from suing either parent during the continuance of their marriage and it is quite clear that the prohibition does not apply to a suit by the child against the succession of his deceased parent. The question with which we are here concerned was not present in Breaux and the court did not mention or consider the problem.
In other states, almost without exception, the rule is that to entitle a tort-feasor to contribution from another tort-feasor whose negligence has concurred in producing an *572 injury to a third person (in the instant case, the child), such third person must have an enforceable cause of action against the one from whom contribution is sought. See 19 A.L.R.2d 1003-1006.
For the reasons assigned, our original decree is reinstated and made the judgment of this court.
Original decree reinstated.