Murphy ROULEY

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.**

Civ. A. No. 9897.

United States District Court
W. D. Louisiana,
Lafayette Division.

June 25, 1964.

On New Trial Nov. 10, 1964.

Joseph A. Koury, Lafayette, La., for plaintiff.

McBride & Brewster, Wm. Harris McBride and Norman P. Foret, Lafayette, La., for defendants.

Voorhies, Labbe, Fontenot, Leonard & McGlasson, Donald Labbe and H. Lee Leonard, Lafayette, La., for third-party defendants.

PUTNAM, District Judge.

Plaintiff, Murphy Rouley, appearing as complainant for himself individually and as the representative of his minor daughter, Charlene Rouley, sues for damages allegedly caused by the negligence of defendant Hutchinson, who is a citizen of Mississippi, resulting in an automobile accident in Pointe Coupee Parish, Louisiana on August 11, 1963. State Farm Mutual Automobile Insurance Company, public liability carrier for Hutchinson, is also made a defendant under the Louisiana Direct Action Statute, LSA–R.S. 22:655.

There is diversity of citizenship and the amounts claimed are in excess of $10,000.00 for each complainant. Our jurisdiction attaches under 28 U.S.C.A. § 1332.

Charlene was a passenger in the automobile being driven by her father at the time of the accident. Defendants answered, denying negligence on the part of Hutchinson, alleging negligence on the part of Rouley and pleading his contributory negligence in the alternative. Further, they assume the position of third party plaintiffs and make Rouley and his insurance carrier, Houston Fire and Casualty Company, defendants, seek-

ing contribution from them as debtors in solido.

We now consider the motion to dismiss for failure to state a claim filed March 5, 1964 by third party defendants. The motion is based upon the obligation of co-debtors in solido as between themselves, and the right to demand contribution as now provided by Article 2103 of the Louisiana Revised Civil Code of 1870, as amended, LSA–C.C. Art. 2103. It is complicated somewhat by the fact that in Louisiana as in most jurisdictions, the minor is prohibited from suing her parents during the marriage. LSA–R.S. 9:571.

■ Insofar as Murphy Rouley individually is concerned, since his negligence, if established as a proximate or contributing cause of the accident, will completely bar his recovery, we have no hesitancy in dismissing the third party petition. This is particularly true in light of the provisions of 28 U.S.C.A., F.R.Civ.P. Rule 14(a). He is a party to the action already, hence a third party petition as to him is completely unnecessary.

■ Moreover, the right of third party plaintiffs to claim contribution from him for the damages sustained by his minor child Charlene, on the theory that he is a joint tort feasor and as such liable with them because of the solidary character of the obligation to respond to the party injured, cannot be sustained. The parental immunity is a bar to contribution. LSA–R.S. 9:571; Johnson v. Housing Authority of New Orleans, 163 So.2d 569 (Orl.App., reh. den. May 4, 1964).

■ The Johnson case discusses the decision in Breaux v. T. & P. Railway Co., 147 So.2d 693 (La.App.1962) relied upon heavily by third party plaintiff, and correctly distinguishes it from the situation found to exist here. Under LSA–R. S. 9:571, the child is prohibited from suing the parent during the continuance of the marriage. In Breaux, the marriage was terminated by the death of the father, and only his succession could be made to respond to the demand for contribution. As the Court said in its original opinion:

"The exception was properly sustained. To allow the defendants herein to prosecute their demands for indemnification or contribution against the parents would in effect be investing a wrongdoer, as against the co-tortfeasor, with a greater right than the tort victim has. The parents may urge their immunity from suit against the demands of its co-tortfeasor as well as they could have urged it against any claim asserted by the child. Contribution is founded on the theory of subrogation. LSA–C.C. art. 2161 declares that subrogation takes place when a debt is paid by one who being *liable* with another, or for another for the payment of the debt, has an interest in paying it. Quatray v. Wicker [et al.], 178 La. 289, 151 So. 208 (1933)." (Emphasis by the Court, 163 So.2d 569, p. 570.)

We consider this case to correctly express the law of Louisiana. So far as we are able to determine, it is the only decision of an appellate court on this point, and we are informed that no application for writs to the Supreme Court of Louisiana has been made. It is dispositive of the issues presented by this motion as to Murphy Rouley.

Still to be decided is the motion to dismiss the third party petition by Houston. The question of whether or not the insurer of one who, but for his status of immunity from suit by the injured party because of one of the personal relationships recognized by the law of this state, would be subject to suit as a co-tort feasor by the tort victim, can be called upon for contribution, has never been decided in Louisiana.

We cannot refrain from commenting here that we are reluctant to pass upon matters of first impression in the area of personal injury litigation involving, as this one does, an interpretation of the statutes and codal provisions of Louisiana. Choice of the tribunal, however,

was made by plaintiff, who is a resident of this state and the question must be resolved in order that the litigation may proceed.

In the leading case of Quatray v. Wicker, 178 La. 289, 151 So. 208 (1933), the Supreme Court of Louisiana analyzed the right of debtors in solido to demand contribution under the Revised Civil Code of 1870. It was there pointed out that Articles 2103, (set out below as it read prior to 1960),[1] and 2161 [2] governed the rights of such parties. The Court said:

"* * * Article 2103 declares that those who are liable in solido for an indebtedness to a third party are liable, each for his share of the debt, to each other. It is true that the article refers to an obligation *contracted* in solido; but the rules relating to obligations in solido, or joint obligations, are the same with regard to obligations arising ex delicto as with regard to obligations arising ex contractu, especially when they are fixed by a judicial decree. Loussade v. Hartman et al., 16 La. 117; Gardiner v. Erskine, 170 La. 212, 217, 127 So. 604. Article 2161 of the Civil Code declares that subrogation takes place when a debt is paid by one who, being liable with another, or for another, for the payment of the debt, has an interest in paying it." (151 So. 208, at p. 212).

Article 2103 was amended in 1960 to permit one bound in solido with another for the payment of a debt to avail himself of third party practice and assert his right to contribution when sued,[3] dispensing with the requirement that he first be cast in judgment with him and make payment of the debt.

The basis for contribution under LSA–C.C. Art. 2103 is liability in solido on the part of the debtors. Because of the nature of the contractual undertaking in the writing of public liability insurance, the obligation of the insurer and the insured to pay the amount of the insured's liability in tort is solidary. Each is bound for the whole of the debt to the tort victim. Hidalgo v. Dupuy, 122 So.2d 639 (La.App.1960), Finn v. Employers' Liability Assurance Corp., 141 So.2d 852 (La.App.1962); Melancon v. Travelers Insurance Company, 209 F.Supp. 68 (W.D.La.1962).

The rule also prevails in this state that joint tort feasors are liable in solido. LSA–C.C. Art. 2324 reads as follows:

"He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act."

Consequently, were it not for the father-child relationship, Charlene Rouley would have had Murphy Rouley and his insurer, and George Hutchinson and his insurer, answerable to her in solido, and she could look to any one of the four for full payment of her damages.

1. "Art. 2103. The obligation contracted *in solido* towards the creditor, *is of right* divided amongst the debtors, who, amongst themselves, are liable each only for his part and portion."

2. "Art. 2161. Subrogation takes place of right: * * *
3. For the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it. * * *"

3. "Art. 2103. When two or more debtors are liable in solido, whether the obligation arises from a contract, a quasi contract, an offense, or a quasi offense, it should be divided between them. As between the solidary debtors, each is liable only for his virile portion of the obligation.

A defendant who is sued on an obligation which, if it exists, is solidary may seek to enforce contribution, if he is cast, against his solidary co-debtor by making him a third party defendant in the suit, as provided in Article 1111 through 1116 of the Code of Civil Procedure, whether or not the third party defendant was sued by the plaintiff initially, and whether the defendant seeking to enforce contribution if he is cast admits or denies liability on the obligation sued on by the plaintiff;" as amended by Act 30 of 1960.

Furthermore, since the injured person is made a statutory beneficiary of all liability policies issued in Louisiana and is given a right of direct action against them without the necessity of joining the insured as a party defendant to such action, LSA–R.S. 22:655, she could sue any or all of these four parties. LSA–C.C. Art. 2094.[4]

In the present situation, however, she could not sue her father because of the prohibition of LSA–R.S. 9:571, nor could he be called upon for contribution by any of the others she might sue, as we have seen. Johnson v. Housing Authority of New Orleans, supra.

In Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191 (1935), which was a suit brought by the wife against her husband's liability insurance carrier, and in Dumas v. United States Fidelity and Guaranty Co., 241 La. 1096, 134 So. 2d 45 (1961) where the suit was instituted by the husband, the Supreme Court of Louisiana held that at the moment of the commission of a tort by one spouse against the other, a *substantive cause of action* arises in favor of the injured spouse against the other, but by reason of our codal provisions prohibiting suits for damages by one spouse against the other, the victim had no *right of action by which it could be asserted.* The Court went further, however, and held that the direct action statute, LSA–R.S. 22:655, provided the vehicle for leveling the cause of action against the insurer, who was solidarily liable with the insured spouse for payment of the tort liability. Since the defense of coverture was personal to the spouse, under the explicit provisions of LSA–C.C. Art. 2098,[5] this co-debtor in solido could not plead it in defense to the suit.

These two cases are the bulwark upon which third party plaintiffs rely to hold Houston in this litigation. They argue forcefully that the defense of the father to suits by the child is personal to him and Houston cannot avoid its contractual liability by claiming the benefits of LSA–R.S. 9:571. We agree with them to this extent, that if Charlene Rouley were to sue Houston, as the "injured person" entitled to claim the benefits of the direct action statute, her cause of action would be properly asserted.[6]

4. "Art. 2094. The creditor of an obligation contracted *in solido* may apply to any one of the debtors he pleases, without the debtors' having a right to plead the benefit of division."

5. "Art. 2098. A codebtor *in solido*, being sued by the creditor may plead all the exceptions resulting from the nature of the obligation, and all such as are personal to himself, as well as such as are common to all the codebtors.

He can not plead such exceptions as are merely personal to some of the other codebtors."

6. The Louisiana Direct Action Statute, LSA–R.S. 22:655, is as follows:

"No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action against the insurer may thereafter be maintained within the terms and limits of the policy by the injured person, or his or her survivors or heirs mentioned in Revised Civil Code Article 2315. The injured person or his or her survivors or heirs hereinabove referred to at their option, shall have a right of direct action against the insurer within the terms and limits of the policy in the parish where the accident or injury occurred or in the parish where the insured or insurer is domiciled, and said action may be brought against the insurer alone or against both the insured and insurer jointly and in solido, at the domicile of either or their principal place of business in Louisiana. This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the state of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the state of Louisiana. Nothing contained in this Section shall be construed to affect the provisions of the poli-

But the right of contribution does not derive from this statute. It is, as we have seen, a remedy provided by LSA–C.C. Arts. 2103 and 2161. It is founded upon legal subrogation, which takes place when one of two or more solidary debtors pays the debt of all. Quatray v. Wicker et al., supra.

■ Hutchinson and State Farm cannot claim the benefit of LSA–R.S. 22:-655, as neither is an "injured person" within the meaning of LSA–C.C. Art. 2315, which is the source of tort liability in this state, and to which the statute refers. In Brown v. New Amsterdam Casualty Company, 243 La. 271, 142 So. 2d 796 (1962), the court reversed the Court of Appeals and held that LSA–C.C. Art. 2103, as amended by Act 30 of 1960, applied to demands for contribution made by one joint tort feasor against the others, even though the accident giving rise to the suit occurred prior to the effective date of the amendment, but suit was filed after such date. In reaching this conclusion, the Court stated:

"It is true that as of that time (moment of the accident) the injured party's right and cause of action against either or both of two joint tort feasors come into being; and conversely, the obligation of each of the latter to the claimant also commences. On the other hand, the rights and obligations as between the joint wrongdoers do not then arise, *because they are not created by virtue of the commission of the tort and of the provisions of Revised Civil Code Article 2315.* Rather, they spring from the principle of contribution, enunciated in

cy or contract if the same are not in violation of the laws of this state. It is the intent of this Section that any action brought hereunder shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contracts are not in violation of the laws of this state.

It is also the intent of this Section that all liability policies within their terms and

Article 2103 and our jurisprudence, which is required of solidary obligors when one has been compelled to pay the full amount of the obligation. \* \* \*" (Emphasis supplied. 142 So.2d 796, at page 798.)

Since third party plaintiffs must pitch their demand for contribution on LSA–Civil Code Article 2103, and they are not entitled to claim the benefit of the direct action statute as an "injured person", we must look to the laws governing the reciprocal rights and duties of solidary obligors to determine the present posture of Houston in this suit.

We have already determined that Houston was liable in solido to Charlene for her father's negligence with Hutchinson and State Farm. The policy under which this obligation is imposed contains the usual "no action" clause, which prohibits suit against them until the liability of the insured, Rouley, has been finally determined by trial or agreement with the company. LSA–C.C. Art. 2092 provides that: "The obligation may be in solido, although one of the debtors be obliged differently from the other to the payment of one and the same thing; for instance, *if the one be but conditionally bound, whilst the engagement of the other is pure and simple,* or if the one is allowed a term which is not granted to the other." (Emphasis supplied.)

It is our opinion that the "no action" clause in Houston's policy is a condition precedent to recovery by these third party plaintiffs, who must rely exclusively upon the contract between Houston and Rouley for recovery by way of contribution. Since Charlene Rouley is the only person in this litigation who has

limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom insured is liable; and that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insureds or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tort feasor within the terms and limits of said policy. Amended and reenacted Acts 1958, No. 125."

the right to sue Houston under the direct action statute and she has not chosen to do so, the third party petition against her father's insurer must likewise be dismissed.

For the foregoing reasons, judgment will be entered maintaining the motion filed by Murphy Rouley and Houston and dismissing the third party petition filed against them.

Appropriate decree will be prepared by counsel for movants and presented for signature, forthwith.

## ON NEW TRIAL

We granted a new trial of the motion to dismiss the third-party complaint filed by defendants Hutchinson and State Farm against Houston Fire and Casualty, public liability insurance carrier of Murphy Rouley. Rouley is a plaintiff in the suit individually, and for and in behalf of his minor daughter, Charlene.

We will not reiterate the facts giving rise to the complaint, except as they may be necessary for the purposes of this opinion.

After careful reconsideration of the issues between third-party plaintiffs and Houston, we are convinced that our original holding is in error and we accordingly reverse.

■ When the tort occurred, Charlene Rouley was a passenger in her father's automobile. As to her demands, all persons involved in the accident as joint tort-feasors were liable to her in solido. LSA–C.C. Arts. 2103 and 2324. Harvey v. Travelers Ins. Co., 163 So.2d 915 (La.App. 3 Cir. 1964) and cases there cited.

■ Under LSA–C.C. Art. 2103, each co-debtor in solido has a substantive right to enforce contribution against the others by third-party demand. The rule of Kahn v. Urania Lumber Co., 103 So.2d 476 (La.App. 2 Cir. 1958), to the contrary was legislatively overruled by the act amending Article 2103, adopted in 1960. See Harvey v. Travelers Ins. Co., supra, and cases therein cited. This case gives us a concise and thoroughly anno-tated history of Article 2103 as it now reads, and the use of the third-party petition to enforce contribution between joint tort-feasors.

The parental immunity from suit enjoyed by the father, Murphy Rouley, under LSA–R.S. 9:571, is akin to the husband's immunity from suit by his wife during the marriage, granted by LSA–R.S. 9:291. Since our original opinion, the case of Smith v. Southern Farm Bureau Casualty Ins. Co., 164 So.2d 647 (La.App. 3 Cir., 1964), has decided the question now before us in a matter involving the husband's defense of coverture. The majority opinion, in which Judge Albert Tate, Jr. was the organ of the Court, reached the same result as was found in Johnson v. Housing Authority of New Orleans, 163 So.2d 569 (La.App. 4 Cir. 1964), discussed in our original memorandum opinion, but for different reasons.

■ In Smith, in addition to the public policy underlying the statutes, LSA–R.S. 9:291 and 9:571, prohibiting such suits, the Court held that under the provisions of LSA–C.C. Art. 2091 defining debtors in solido, the immune defendant was not liable in solido with a tort-feasor, even though his concurrent negligence was admitted, because he was not obligated "to the same thing", i. e., he could not "be compelled for the whole." We cannot agree with this proposition as a correct statement of the law of Louisiana, which we are bound to apply under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (1938).

Conversely, or perhaps we should say "perversely", we agree with the reasons advanced by Judge John T. Hood, Jr., in his dissenting opinion in the Smith case, but we cannot agree with his result, that allowed the third-party plaintiff's demand for contribution against the husband.

As the dissenting opinion points out, the holding of the majority is contrary to the rule announced by the Louisiana Supreme Court in Edwards v. Royal In-

demnity Co., 182 La. 171, 161 So. 191 (1935), that the incapacity of the wife to sue on the one hand, and the immunity of the husband on the other, arising from such statutory provisions, is purely personal as to him, and could not be urged by the insurer of such a defendant, even though the husband was a joint tort-feasor and liable in solido for the damages sustained by his wife. The rule has been consistently followed in this State. See cases listed by Judge Hood, 164 So.2d 647, p. 651.

The rule was also recognized in Dumas v. United States Fidelity & Guaranty Co., 241 La. 1096, 134 So.2d 45, pp. 50, 52 (1961), although we inadvertently stated the facts of that case incorrectly in our original opinion. (It was not a suit by a husband against his wife, but rather one in which the wife herself sought to assert a cause of action against her own public liability insurer under LSA–C.C. Art. 2315 for the wrongful death of her husband brought about by her own negligence.)

■ We must conclude from these cases that the spouse, or father as in our case, is a joint tort-feasor and liable in solido with his co-tort-feasor to the injured family member, and that the victim has a substantive cause of action against him which arises at the moment of the commission of the tort, but which cannot be asserted by any right of action or remedy because of the special and personal defense available to such a defendant. Edwards v. Royal Indemnity Co., supra, Ruiz v. Clancy, 182 La. 935, 162 So. 734 (1935); Dumas v. United States Fidelity & Guaranty Co., supra.

Beyond this point, however, we do not agree with the dissent in Smith.

The reasons of public policy relied upon by the Court in Johnson and in Smith are most compelling. To permit a joint tort-feasor to compel contribution from a husband or from a parent in such a case is to invest a wrongdoer with a greater right than the tort victim has, and runs counter to the well-established policy of our law that one should not be allowed to profit from his own wrongdoing. That

Louisiana has not departed from this rule is clear from the reiteration thereof in Dumas v. United States Fidelity & Guaranty Co., supra, where the Court said:

"To allow recovery in these circumstances would be a violation of the policy of the law, which forbids that one will reap a benefit for his own misconduct. See Richmond, F. & P. R. Co. v. Martin's Adm'r, 1903, 102 Va. 201, 45 S.E. 894. While our courts are open for the speedy redress of wrongs, this grant of Article 1, Section 6 of our Constitution necessarily encompasses only those who have been injured in their rights, lands, goods, person or reputation; it does not countenance redress to one for damages attributable to his own negligence." (134 So.2d 49, emphasis supplied.)

In addition, the public policy of the state which prompted the enactment of LSA–R.S. 9:291 and 9:571 and similar provisions, would be violated, and even further, it would open the door to and actively promote collusion between father and child or husband and wife to defeat the common danger posed by the demand of the tort-feasor seeking contribution from one clothed with such immunity, upon whom the tort victim is usually legally and in fact dependent.

■ We agree with the rule of Dendinger v. Maryland Casualty Company, 302 F.2d 850 (5 Cir. 1962) that there is no solidary or other obligation imposed upon the insurer of one tort-feasor upon which the joint tort-feasor or his insurer might support an independent action, simply by virtue of the fact that an accident occurred.

Our error, however, lies in our original holding that the "no action" clause of Houston's policy prohibits the demand for contribution here.

In Brown v. New Amsterdam Casualty Company, 243 La. 271, 142 So.2d 796 (1962), it was held that as between joint tort-feasors, the right to contribution does not arise upon commission of the

tort. It does not come into being until one of the co-debtors is sued. The joint tort-feasors' solidary liability, however, does flow from the tort. LSA–C.C. Arts. 2324, 2315, 2103 and 2161(3).

It is equally clear from the Brown decision, by reference to the cases cited by the Supreme Court, Sincer v. Heirs of Bell, 47 La.Ann. 1548, 18 So. 755 (1895), and Quatray v. Wicker et al., 178 La. 289, 151 So. 208 (1933), that contribution between joint tort-feasors, at least, flows from Art. 2103 and Art. 2161 (3) of the LSA–Civil Code. This firmly established theory of subrogation as the underlying principle of contribution resulting from quasi offenses, delictual in nature, was also recognized by the Court in Johnson v. Housing Authority of New Orleans, supra.

 The amendment to LSA– C.C. Art. 2103 confers the right upon a joint tort-feasor to litigate by third party practice, the question of negligence of his co-tort-feasor in one proceeding, even though liability is denied and even though plaintiff has not sued them both and they have not been jointly cast in judgment. Kahn v. Urania Lumber Co., supra, requiring application of the old rule, was thus destroyed.

Hutchinson has done this in this case. Rouley, his joint tort-feasor has a personal defense not available to his insurer, Houston. Edwards v. Royal Indemnity Co., supra; Ruiz v. Clancy, supra. If Hutchinson is successful in his proof of concurrent negligence on the part of Rouley, which with his own negligence combined to bring about the injuries to the child Charlene, he will then be subrogated to her rights against Houston as her father's insurer, as will his own insurer, State Farm Mutual, and will be entitled to judgment accordingly.

Thus we resolve the question. A multiplicity of suits is avoided, with all rights of the parties being fixed in one action.

We point out that the third party practice of Louisiana applicable here as part of the substantive right of Hutchinson,

expressed in LSA–C.C.P. Art. 1111, is substantially the same as that provided for in 28 U.S.C.A. F.R.Civ.P. 14(a). The words of Rule 14(a) "who is or may be liable to him" for all or part of the plaintiff's claim "against him", have the same meaning and are to be equated with the words of LSA–C.C.P. Art. 1111, "who is or may be liable to him for all or part of the principal demand". Smith v. Southern Farm Bureau Casualty Co., supra.

Accordingly, our judgment dated June 26, 1964, dismissing the third party complaint in this suit as to the defendant Houston Fire and Casualty Company, is reversed.

Formal judgment in accordance with the views herein expressed will be presented for signature, pursuant to Rule 9(e) of the rules of this Court.