SANDERS, Justice.
Petty Walker, individually and on behalf of his minor children, and Ernestine LeBlanc Walker, his wife, seek damages for the injuries sustained by the wife and children in a motor vehicle accident. The district court granted recovery. The Court of Appeal reversed in part, disallowing damages to Mrs. Walker and allowing contribution against the parents for the damages awarded for injuries to their minor child. La.App., 253 So.2d 566. We granted certiorari in order to review the basic issue of liability and the allowance of contribution against the parents. 260 La. 16, 254 So.2d 619. We now affirm.
The accident took place on September 7, 1966, at the junction of the Old Hammond Highway and Palmetto Road, near Walker, Louisiana.
The defendant Milton was approaching the intersection in a pickup truck, driving west on Old Hammond Highway. Mrs. Walker was behind him, also driving west. She was operating her husband’s pickup truck, accompanied by two of her minor children, Darrell Lynn Walker and Loretta Gayle Walker.
When Milton reached the intersection, he attempted a left turn into Palmetto Road. Mrs. Walker attempted to pass as Milton undertook his turn, and the two vehicles collided in the left lane.
The accident caused only minor injuries to the children. Mrs. Walker, however, suffered a broken arm, lacerations, and damage to two teeth.
On the record, the Court of Appeal found both drivers negligent, Mr. Milton for failure to heed overtaking traffic in executing a left turn and Mrs. Walker for attempting to pass at an intersection, which, though unmarked, was well known to her. Although there is conflicting evi *560 dence, the record provides no adequate basis for reversing these findings.
We also find, as did the Court of Appeal, that, after the drivers were committed to turning and passing, neither had a last clear chance to avoid the collision. To the contrary, their maneuvers were almost simultaneous, placed both drivers in peril, and left neither in a superior position to prevent the accident. The doctrine of last-clear-chance does not apply under these circumstances. Leake v. Prudhomme Truck Tank Service, Inc., 260 La. 1071, 258 So.2d 358(1972); Johnson v. Wilson, 239 La. 390, 118 So.2d 450 (1960); Hollabaugh-Seale Funeral Home v. Standard Acc. Ins. Co., 215 La. 545, 41 So.2d 212 (1949); Burns v. Evans Cooperage Co., 208 La. 406, 23 So.2d 165 (1945); Peninger v. New Amsterdam Casualty Co., 187 So.2d 128, (La.App., 2nd Cir. 1966); Malone and Guerry, Studies in Louisiana Torts Law, pp. 306-334 (1970).
Accordingly, we find that the Court of Appeal correctly denied recovery to Mrs. Walker because of contributory negligence.
The final question is one of law: Is contribution allowable in favor of a joint tort-feasor against a negligent parent whose negligence has contributed to his child’s injuries?
The Court of Appeal awarded Petty Walker the sum of $200.00 for the injuries sustained by his minor child, Darrell Walker. In a third-party petition; Milton and his insurer, Allstate Insurance' Company, sought contribution from the parents on the finding that the mother’s negligence had contributed to the injuries. Pursuant to Louisiana Civil Code Article 2103, the Court of Appeal granted contribution against the parents for one-half of the award.
The plaintiffs contend that LSA-R.S. 9:571, prohibiting suit by an. unemancipated minor against either parent during their marriage, also precludes an action for contribution predicated upon a parent’s negligence. They rely upon Johnson v. Housing Authority of New Orleans, 163 So.2d 569 (La.App., 4th Cir. 1964), holding that contribution against a parent is unavailable for a child’s damages.
In 1965, in Smith v. Southern Farm Bureau Casualty Ins. Co., 247 La. 695, 174 So.2d 122, this Court allowed a joint tortfeasor contribution against a negligent husband for one-half the damages awarded to his injured wife. There, the interspousal immunity created by LSA-R.S. 9:291 was at issue. We held that the immunity statute did not destroy substantive causes of action arising between husband and wife. Rather, the statute operated only as a procedural bar to an action. Hence, under LSA-C.C. art. 2103, contribution was allowable against the husband.
In the recent case of Deshotel v. Travelers Indemnity Co., 257 La. 567, 243 So.2d *562 259 (1971), we held that a father injured through his son’s negligence could maintain -a direct action against the responsible insurer despite the parent-child immunity created by LSA-R.S. 9:571. The substance. of the holding was that LSA-R.S. 9:571, like LSA — R.S. 9:291, operated only as a procedural bar to an action by a child against his parent and did not destroy the cause of action.
This decision places parent-child immunity within the ambit of the Smith rule. Accordingly, we reject the Court of Appeal’s holding in Johnson v. Housing Authority of New Orleans, supra. Applying Smith v. Southern Farm Bureau Casualty Co., supra, we hold. that contribution is available in the present case.
For these reasons, the judgment of the ■Court of Appeal is affirmed. The costs in this Court are assessed against plaintiffs.