64 So.2d 520 (1953)
SIMMONS
v.
CLARK et al.
No. 3638.
Court of Appeal of Louisiana, First Circuit.
March 19, 1953.
Rehearing Denied May 4, 1953.
*521 W. F. Kline, Clinton, for appellant.
Jack P. F. Gremillion, Baton Rouge, and Benj. W. Dart, New Orleans, for appellees.
LOTTINGER, Judge.
Petitioner filed suit against Lizzie Lee Clark and others to recover judgment in the sum of $1,439.07, plus interest and attorney fees, said amount being the balance due on a promissory note allegedly executed by the defendants. Defendants filed exceptions of no right or cause of action. The lower court sustained the said exceptions and dismissed petitioner's suit. The petitioner has taken this appeal.
The facts show that on or about October 6, 1948, Charles Holmes and his wife, Ola Lee Holmes (now deceased), executed a note for $1,836.58, in favor of petitioner, which note was secured by a conventional mortgage. The said mortgage contained the usual and customary security clauses, including waiver of appraisement.
As security for this loan, and as collateral therefor (which fact is admitted by petitioner), the defendants in the present suit executed another mortgage on certain real property in East Feliciana Parish, and signed a note for $1800 (the note herein sued upon, which they in turn gave as collateral security and in pledge for the payment of the note signed by Charles and Ola Lee Holmes. The note and mortgage given by the present defendants are dated the same date as the note and mortgage given by the Holmes. The mortgage by the present defendants contains the following collateral clause:
"The parties further declare that this note herein given and the mortgage herein granted is for the sole purpose of being used as collateral security for indebtedness due by said Mortgagor and for that reason the note executed may be pledged and repledged to secure loans or advances from time to time and upon payment of said indebtedness, the said collateral may be returned to the mortgagor without extinguishment of the mortgage herein granted. * * *"
Petitioner, H. K. Simmons, on August 6, 1951, foreclosed via executory process on the mortgage and note which was executed by Charles Holmes and his wife, Ola Lee Holmes. No defense was made to said suit, nor were the present defendants notified of said suit. The property subject to the mortgage was sold at Sheriff's Sale without appraisement. The price of the sale was the sum of $221.57.
Petitioner has instituted the present suit for the sum of $1,439.07, being the unpaid balance of the Holmes note, by filing suit on the collateral security note for $1,800 which was executed by, or in behalf of all the defendants, except Lizzie Lee Clark and which note was intended as security for the Holmes' loan as is alleged by petitioner in his petition.
The lower court sustained the exceptions of no cause or right of action which were *522 filed on behalf of the defendants, and the petitioner's cause of action was dismissed.
There were several errors alleged in the exceptions of no right or cause of action filed by defendants, however, the principal one was to the effect that the adjudication of the property to H. K. Simmons, in the suit on the Holmes note, and the resulting Sheriff's Sale without the benefit of appraisement discharged the primary obligation and that therefore the debt being fully discharged and satisfied, petitioner is now without right or cause of action, as the note now sued upon was executed solely as security for the note of the Holmes, and discharge of the Holmes' obligation would discharge the defendants' obligation.
In support of their exceptions, the defendants cite LSA-R.S. 13:4106, which provides as follows:
"In any case where any mortgagee or other creditor takes advantage of the waiver of appraisement of the debtor and provokes a judicial sale, without the benefit of appraisement, of the encumbered property, whether real or personal, or of both characters, and the proceeds of such sale are insufficient to satisfy the debt for which the property is sold, the debt nevertheless shall stand fully satisfied and discharged, and such mortgagee or other creditor shall not thereafter have the right to proceed against the debtor or any other of his property for such deficiency, in any manner whatsoever."
LSA-R.S. 13:4107 provides as follows:
"R.S. 13:4106 declares a public policy and the provisions thereof cannot, and shall not be waived by a debtor, but it shall only apply to mortgages, contracts, debts or other obligations made, or arising on or after August 1, 1934."
The mortgage and note which petitioner attempts to foreclose upon in the present suit were executed on October 6, 1948. There is no question but that the above provisions were in effect at the time of their execution. It is the contention of the exceptors that, as the main obligation of Holmes was extinguished by the foreclosure of his mortgage without appraisement, the mortgage of defendants, which was collateral and secondary, was also extinguished.
The above-quoted Deficiency Judgment Act was the basis of the decisions in the cases of Home Finance Service v. Walmsley, La.App., 176 So. 415, and Southland Investment Company, Inc. v. Lofton, La. App., 194 So. 125. In the Walmsley case, the court, citing the said Act, said [176 So. 417]:
"It is clear from the foregoing that it has been declared to be against the public policy of this state for any holder of a mortgage to provoke a judicial sale without first having the encumbered property appraised, and that, if such mortgage holder does foreclose without such appraisal, he is prohibited from thereafter proceeding against the mortgagor for any deficiency remaining on the debt. It is to be noted that the statute does not suppress the waiver by the mortgagor of the benefit of appraisement of the mortgaged property in foreclosure proceedings. But the enactment restrains, as contrary to public policy, the practice of permitting the mortgagee to sell the encumbered property without having it appraised, if he desires to later maintain action against his debtor for a deficiency judgment. In other words, the mortgagee has the right to sell the property without appraisal but, if he elects to do so, he suffers the penalty of losing his right to obtain a deficiency judgment in the event the proceeds of the sale are insufficient to liquidate the debt."
The Walmsley and Lofton cases were more recently cited with approval in Futch v. Gregory, La.App., 40 So.2d 830.
There is no question that, under the Deficiency Judgment Act, the fact that the Holmes' note and mortgage was foreclosed and the property sold without the benefit of appraisement, any deficiency remaining would be lost to the mortgagee and he would have no further remedy against the mortgagor for a deficiency judgment. Defendants claim that, as petitioner had no further remedy against Holmes, that he *523 would have no cause or right of action against the defendants, as their mortgage was merely a collateral mortgage given as security for the primary obligation, the Holmes mortgage and note.
Article 3035 of the Louisiana Statutes Annotated Civil Code and subsequent Articles relating to Suretyship, provide as follows:
Article 3035"Suretyship is an accessory promise by which a person binds himself for another already bound, and agrees with the creditor to satisfy the obligation, if the debtor does not."
Article 3059"The obligation which results from a suretyship is extinguished by all the different modes in which other obligations may be extinguished; but the confusion which results in case the principal debtor or his surety should become heirs one to the other does not extinguish the action of the creditor against the person who has become the surety of the surety."
Article 3060"The surety may oppose to the creditor all the exceptions belonging to the principal debtor, and which are inherent to the debt; but he can not oppose exceptions which are personal to the debtor."
Article 3061"The surety is discharged when by the act of the creditor, the subrogation to his rights, mortgages and privileges can no longer be operated in favor of the surety."
It is agreed by the petitioner that the note and mortgage in question was merely collateral for the principal indebtedness of Holmes. It was merely a suretyship agreement by which the defendants promised that they would pay the obligation of Holmes should he fail to do so. Under the laws relating to suretyship, the surety may oppose to the creditor all the exceptions belonging to the principal debtor except those which are personal to the principal debtor. The defense interposed here is not a personal defense. Personal defenses are such as infancy, interdiction, coverture, lunacy, bankruptcy and the like.
Petitioner claims that, in the instant case, there is no violation of public policy as is stated in LSA-R.S. 13:4107. He bases his contention on the fact that petitioner is proceeding against the surety, not the debtor. He admits that he has no right of action against Holmes. We, however, are unable to agree with the contention that he is not attempting to violate public policy. The law clearly states that it is against public policy to attempt to secure a deficiency judgment when the judicial sale, made without the benefit of appraisement, failed to bring in sufficient proceeds to discharge the indebtedness. Under the laws of suretyship, the surety here may interpose the same defense which is available to the principal debtor, as there are no personal defenses present. Furthermore, by the provisions of Article 3061 of the LSA-Civil Code, the surety is discharged from his obligation when, by the act of the creditor, the subrogation to his rights, mortgages and privileges can no longer be operated in favor of the surety.
Through the act of the creditor the property of the mortgagor, Holmes, was sold. The creditor now proceeds against the sureties for a deficiency judgment. No notice was given the surety of the original foreclosure proceeding against Holmes, nor were they requested to pay the indebtedness. There are no rights of the principal to which the sureties may be subrogated. Clearly, under the provisions of Article 3061, the petitioner has lost his rights against defendants.
We fail to find any error in the holding of the lower court. By the act of petitioner in foreclosing against Holmes without benefit of appraisement, he lost his right to a deficiency judgment. Under the laws of suretyship, this defense of the principal obligor now operates in favor of the sureties. Furthermore, under the provisions of Article 3061 of the LSA-Civil Code, the petitioner has no right or mortgage which might be subrogated in favor of defendants should the demand of petitioner be allowed.
Because of the reasons above given, the demand of petitioner must fail, and the exceptions *524 must be sustained. Although other reasons were given by the exceptors why their exceptions should be sustained, the above are sufficient and we see no need for further discussion of other reasons.
For the reasons hereinabove assigned, the judgment of the lower court is affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.