McCALEB, Justice.
This action, ex delicto, arises out of an intersectional collision which occurred in *1099 the city of Alexandria on December 15, 1956 when an automobile owned and operated by Mrs. Alice Peters Dumas ran through a red signal light at the corner of Jackson and Sixteenth Streets and collided with another car. As a result of the accident Mrs. Dumas’ husband, John Stanley Dumas, who was riding as a guest passenger in her car, received personal injuries and he instituted this suit against his wife’s liability carrier, United States Fidelity & Guaranty Company, to recover $200,000 damages.
The insurance company denied liability for the consequences of the accident but thereafter, on the date the case was set for hearing, its counsel admitted that, for the purpose of trial, its insured, Mrs. Dumas, was guilty of negligence and that the Company was therefore liable, within the limits of its policy, for whatever damages plaintiff sustained. Evidence relating to the nature and extent of the injuries was then heard and the case submitted for decision. Prior to judgment, however, the insurance company moved to reopen the matter for the hearing of additional evidence. This motion was granted but, before the evidence could be taken, Mr. Dumas died of an illness' totally unrelated to the injuries he sustained in the accident.
In due course Mrs. Dumas, appearing as surviving spouse, Miss Leola Dumas, a daughter of Mr. Dumas by a former marriage, and G. E. Estes, Jr., the executor of the estate of Mr. Dumas, filed a joint motion requesting that they be substituted as parties plaintiff and to continue prosecution of the case.
This motion was opposed by the insurance company. In its answer, it alleged that the cause and right of action exercised by Mrs. Dumas was a personal and non-heritable right which did not survive in favor of anyone. Further, in the alternative, it pleaded that, if it should be held that Mrs. Alice Dumas was her husband’s survivor under Article 2315 of the Civil Code, she had no cause of action because the law would not countenance her recovery of damages for injuries caused by her own negligence.
Following a hearing on the issues presented on the motion, the district judge ruled that the executor alone was entitled to be substituted as party plaintiff and judgment was rendered in the executor’s favor and against the insurance company for damages totalling $12,996.99. The insurance company then appealed to the Court of Appeal, Third Circuit, from the adverse decision. Separate appeals were also prosecuted by the widow and major daughter, in order to preserve their rights to be substituted as parties plaintiff in the event the appellate court should find that the executor was not the proper substituted party.
The Court of Appeal was of the opinion that the widow of Mr. Dumas was the legal *1101 survivor of his cause and right of action against the defendant insurer under Article 2315 of the Civil Code. Accordingly, it substituted Mrs. Dumas as the proper party plaintiff and entered a decree in her favor for the same amount of damages awarded by the district court. See Dumas v. United States Fidelity and Guaranty Co., 125 So.2d 12. When this decision became final, the major daughter and the executor of Mr. Dumas, as well as the defendant insurer, applied for certiorari. All applications were granted and the case has been argued and submitted for our decision.
Primarily, the insurance company stresses in this Court the stand it has taken throughout the proceedings, i. e., that an ex delicto action for damages, which has not been reduced to judgment, is a personal nonheritable right which abates upon the death of the plaintiff (Hubgh v. New Orleans & Carrollton Railroad Co., 6 La. Ann. 495) and that the right of action which survives in favor of certain designated persons, provided by Article 2315 of the Civil Code in case of death, extends only to cases in which the death is due to the wrongful act and not to a case like this, where the plaintiff dies from a cause admittedly unrelated to the accident.
The position of the major daughter and the executor is likewise founded on the theory advanced by them below, i. e., that the right of action of Mr. Dumas became a heritable right by reason of defendant insurer’s judicial admission of liability to Mr. Dumas for the negligence of Mrs. Dumas, which admission or confession transformed the personal right to redress into a property right to which they succeeded by operation of law. Counsel declare that, moreover, our direct action statute, R.S. 22:655, as amended by Act 475 of 1956, now creates a substantive right in favor of the injured person, his survivors or heirs, in the nature of a stipulation pour autrui which became heritable when liability was judicially confessed as in the case at bar. In addition, it is urged that, in view of Article 21 of the Code of Practice of 1870 and R.S. 13:3349 (now supplanted by Article 428 of the Code of Civil Procedure which went into effect January 1, 1961) actions for personal injuries do not abate upon the death of the plaintiff from causes unrelated to the tort and that our ruling to the contrary in McConnell v. Webb, 226 La. 385, 76 So.2d 405 is incorrect and should be overruled.
In order to answer the respective contentions of the applicants, it becomes necessary to examine our general tort law (Article 2315 of the Civil Code) and those adjudications under it which may apply to the matter at hand. The pertinent provisions of Article 2315, as it read at the time *1103 the fight and cause of action herein arose[1] are as follows:
“Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it ; the right of this action shall survive in case of death in favor of the children * * * or spouse of the deceased, or either of them, and in default of these in favor of the surviving father and mother or either of them, and in default of any of the above persons, then in favor of the surviving blood brothers and sisters, or either of them, for the space of one year from the death. However, should the deceased leave a surviving1 spouse, together with minor children, the right of action shall accrue to both the surviving spouse and the minor children. The right of action shall accrue to the major children only in those cases where there is no surviving spouse or minor child or children.” (Emphasis ours.)
Since Mr. Dumas was survived by a spouse, his major daughter is eliminated as a beneficiary by the plain provisions of the last sentence above quoted. Hence, her only basis for substitution as party plaintiff would be in her status as heir if, as contended by her counsel, the decedent’s right of action may be regarded as a property right.
However this contention, which was sustained by the district court in favor of the executor of the estate of Mr. Dumas, is not meritorious as the Court of Appeal properly deduced. Obviously, in view of the explicit provisions of the law, the rights of the heirs or the succession representative of the deceased injured party can only come into being if the right of the beneficiary designated by Article 2315 does not exist at the date of death — that is, when the decedent’s right of action has been reduced to judgment. Thus, it matters not whether the direct action statute, as amended by Act 475 of 1956, creates a substantive right in favor of the injured person which is heritable, or whether the admission of liability by the defendant for the consequences of Mrs. Dumas’ wrong changed his personal nonheritable right into a heritable right — for assuming, without deciding, that these factors produced the consequences contended for by counsel for the executor and heir of Mr. Dumas, they could not divest Mrs. Dumas of her right as surviving spouse under *1105 Article 2315 as that right became vested in her at the time of her husband’s death.
To what, then, did Mrs. Dumas succeed? Article 2315 provides the answer, for it declares in the plainest sort of language that the right, meaning the right vested in the injured party, “of this action shall survive”, meaning the action either that the injured party brought or was entitled to institute prior to his death. Therefore, since the right of action was still in existence at the time of Mr. Dumas’ death, Mrs. Dumas, as his surviving spouse, became vested by operation of law with the exclusive right to pursue this action. It is only where the right of action of the decedent has been merged into a judgment that it loses its classification as a “right of action” and becomes a property right which is inherited by the heirs. See Castelluccio v. Cloverland Dairy Products Co., 165 La. 606, 115 So. 796.
This analysis of the words of the statute refutes, we think, the contention of counsel for defendant insurer that, in order for the right of action to survive in favor of the beneficiaries designated therein, the injured party’s death must be attributable to the tortious act. Indeed, we find nothing in the language of the statute or in our jurisprudence which lends any support to counsel’s argument.[2] On the contrary, this Court has consistently held that the survivors mentioned in Article 2315 succeed, in case of death, to the right of action of the injured person to recover the damages he sustained as a consequence of a wrongful act, irrespective of whether his death had any relation to the injury or not, or whether suit had been filed prior to death.
The first case in which the point here raised by counsel was rejected is Payne v. Georgetown Lumber Co., 117 La. 983, 42 So. 475, 476. The Court there stated:
“ * * * Whether the de cujus died from the particular injuries or from other causes, the consequence is the same as far as the statutory beneficiaries are concerned. It is unreasonable, as well as illogical, to suppose that the lawmaker intended that a claim for damages should pass or not pass to *1107 the widow or minor children according to the particular cause of death of the husband or father. * * *
“The argument that the right of action abated because the decedent brought suit to enforce it in his lifetime is without merit. An action cannot expire or abate when the law declares that it shall survive in favor of certain persons. The amendment of 1855 was supplemented in 1884 by another amendment giving the same relations of the deceased an independent right of action to recover the damages sustained by his death.”
The ruling in the Payne case has been cited with approval and applied by this Court in Badie v. Columbia Brewing Company, 142 La. 853, 77 So. 768; Thompson v. New Orleans Ry. & Light Co., 145 La. 805, 83 So. 19 and Reed v. Warren, 172 La. 1082, 136 So. 59. See also Thompson v. Travelers Ins. Co., La.App., 182 So. 356; Gallaher v. Ricketts, La.App., 187 So. 351 and Walker v. Joseph P. Geddes Funeral Service Inc., La.App., 33 So.2d 570.
Being of the opinion that the Court of Appeal correctly resolved that Mrs. Dumas succeeded to the right of action herein under the provisions of Article 2315 of the Civil Code, we turn our attention to defense counsel’s alternative contention that she cannot maintain the suit against the defendant, her own insurer, because she may not, under the law, be allowed to recover damages for injuries caused by her own negligence. In addition, counsel proclaim in this Court (the point was not raised in the Court of Appeal] that the cause of action of Mr. Dumas has been extinguished by confusion under Articles 2217 and 2218 of the Civil Code and they cite in support of this proposition Addison v. Employers Mut. Liability Ins. Co. of Wis., La.App., 64 So.2d 484.
The Court of Appeal was of the opinion that defendant’s contention that Mrs. Dumas could not recover against her insurer for her own wrong was not tenable. It deduced that, since Mrs. -Dumas was suing only for the damages sustained by her husband, she was proceeding in a representative capacity and not suing in her own right to recover the damages which she suffered by reason of his death. From this premise, the Court concluded that the case stands or falls upon whether Mr. Dumas was entitled to damages “ * * * and not on the entitlement of the substituted party plaintiff”. [125 So.2d 19.]
We cannot subscribe to this reasoning as it fails to properly assess the realities of the case. Mrs. Dumas is not suing in a representative capacity. She is seeking to recover damages for her own account, by virtue of her survivorship of the right of action of her deceased husband, for the personal injuries he sustained as a result of her own negligence. True, the damages *1109 she seeks were those to which her husband would have been entitled had he lived, but she demands them for herself in reparation for a wrong she inflicted upon his person.
To allow recovery in these circumstances would be a violation of the policy of the law, which forbids that one will reap a benefit for his own misconduct. See Richmond, F. & P. R. Co. v. Martin’s Adm’r, 1903, 102 Va. 201, 45 S.E. 894.[3] While our courts are open for the speedy redress of wrongs, this grant of Article 1, Section 6 of our Constitution necessarily encompasses only those who have been injured in their rights, lands, goods, person or reputation; it does not countenance redress to one for damages attributable to his own negligence.
But, apart from the general law, it is manifest that the obligation which the insurer owed under its contract with Mrs. Dumas to pay on her behalf all sums which she “ * * * shall become legally obligated to pay as damages * * * ” was extinguished by confusion when she became the survivor of her husband’s right of action.
Under Article 2315 of the Code a legal obligation was imposed upon Mrs. Dumas to repair her husband’s damage caused through her fault but, when she acquired by operation of law the right vested in him to enforce this obligation, it became extinguished by confusion also through operation-, of law. Article 2217 of the Civil Code declares : “When the qualities of debtor and creditor are united in the same person, there arises a confusion of right, which extinguishes the obligation”. And Article 2218 provides, in part, “The confusion that takes place in the person of the principal debtor avails his sureties. * *
In view of Article 2218, the argument of counsel for Mrs. Dumas that the obligation could not be extinguished by confusion because she is suing the insurance company, and not herself, becomes unavailing. While an insurance contract is not, in the strict sense, a contract of suretyship as defined by Article 3035 of the Civil Code (for suretyship is an accessory promise by which a person binds himself for another already bound and agrees to satisfy the obligation if the debtor defaults), it nevertheless partakes of the nature of suretyship or guaranty, but in a more onerous way, in that, being an aleatory contract, the insurer becomes bound absolutely to pay the legal obligation of another. Of course, the obligation of the insurer is conditional as it is bound only if the insured is legally responsible for the damages sustained but it may be held liable under the direct action statute even though the injured party has no right *1111 of action against the insured tortfeasor. See Edwards v. Royal Indemnity Company, 182 La. 171, 161 So. 191; Ruiz v. Clancy, 182 La. 935, 162 So. 734 and Rome v. London & Lancashire Indemnity Co. of America, La.App., 169 So. 132.
Indeed, it was on the basis that the insurance contract was somewhat analagous to that of suretyship that this Court found in the above cited cases that the injured party was entitled to maintain an action against the wrongdoer’s insurance carrier under the direct action statute notwithstanding that the law will not countenance such a suit against the wrongdoer himself. Specifically, in Edwards v. Royal Indemnity Co,, 182 La. 171, 161 So. 191, a case in which the wife sued the insurer of her husband un'der our direct action statute for the damages resulting from injuries received in an accident caused through her husband’s negligence, the Court, in overruling defendant’s exception of no right of action based on the ground that the wife could not sue the husband during the existence of the marriage and, therefore, the insurer was not liable under its contract, stated that under our law the insurance company could not avail itself of exceptions personal to the debtor and cited, in support thereof, Articles 3036 and 3060 of the Civil Code which deal with the contract of suretyship.
By a parity of reasoning then, we are impelled to conclude that the insurance company’s status as surety for Mrs. Dumas entitles it to invoke Article 2218 of the Civil Code and assert confusion as a bar to recovery. Thus, in this case, which is identical in all particulars with that of Addison v. Employers Liability Ins. Co. of Wis., supra, decided by the Court of Appeal, First Circuit, the primary legal obligation imposed on Mrs. Dumas by Article 2315 to repair the damage she had inflicted on Mr. Dumas became extinguished by confusion under Article 2217 of the Code when Mrs. Dumas succeeded to her husband’s right of action to recover for her tort. When the obligation became extinguished the cause of action fell with it and it follows that no recovery by Mrs. Dumas can be had thereon, in view of Article 2218 which avails the defendant insurer in bar of her claim.
The judgment of the Court of Appeal is therefore annulled and reversed and it is now ordered that the suit be dismissed. All costs are to be paid by the defendant insurer.
HAMITER, J., dissents, being of the opinion that the judgment of the Court of Appeal is correct.

. The Article was amended and reenacted by Act 30 of 1960 to provide, inter alia, that, in case of the death of the person injured through the negligence of another, the right to recover damages resulting therefrom shall survive for a period of one year from the date of death of the deceased in favor of certain designated persons, which right of action is a property right and that, in case of the death of the survivor in whose favor the right survives, it is inherited by his legal, instituted or irregular heirs, whether the suit has been filed by the survivor or not.

. Counsel, in professing that the language of Article 2315 clearly exhibits an intention to confer the right in favor of the beneficiaries only for the wrongful death of the injured person, cite our recent decisions in Gabriel v. United Theatres, 221 La. 219, 59 So.2d 127 and McConnell v. Webb, 226 La. 385, 76 So.2d 405, as sustaining their position.
As shown above, the argument is without merit, nor is it sustained in any respect by the cited eases. The Gabriel decision was founded only upon a plea of peremption of one year. The ruling in McConnell v. Webb was based on the premise that an action for damages resulting from tort was purely personal and, hence, the decedent’s widow, appearing solely in her capacity as administratrix of the succession, could not continue the action despite the provisions of Article 21 of the Code of Practice and R.S. 13:3349 that actions do no abate at death.

, See also Crevelli v. Chicago, M. & St. P. Ky. Co., 1917, 98 Wash. 42, 167 P. 66, L.R.A.1918A, 206, and authorities there cited in support of the Court’s discussion and application of the legal maxim that no one shall profit by his own wrong. %