**Mrs. Ethel Parker UNDERWOOD**

v.

**AMERICAN EMPLOYERS INSUR-
ANCE CO.**

**Civ. A. No. 12700–B.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 7, 1966.

A. Remy Fransen, Jr., Simon, Wicker & Wiedemann, New Orleans, La., for plaintiff.

Gibson Tucker, Jr., Tucker & Schonekas, New Orleans, La., for defendant.

HEEBE, District Judge.

Plaintiff, an elderly, somewhat infirm woman, was a visitor at the home of her son. During a period in which plaintiff's son and his wife were absent from the house and their children and the plaintiff were in the care of a maid-baby-sitter, plaintiff's son's little daughter,

just under four years of age, knocked her grandmother down, breaking her hip. Plaintiff filed this diversity action against the liability insurer of her son and his children,[1] under the Louisiana direct action statute, LSA–R.S. 22:655. Plaintiff later died and her son was substituted as party-plaintiff pursuant to Rule 25(a), F.R.Civ.P., and Article 2315 of the Louisiana Civil Code.[1a]

Defendant has moved for summary judgment. Our *Erie*-look at the law of Louisiana reveals that although the precise questions here involved have not been ruled upon by the state courts, the codal articles, statutes and decisions on related issues inescapably demand that the motion be granted.

■ In Louisiana, minors are held responsible for their torts, Civil Code Art. 1785 and 1874. Despite this responsibility established by the Code, a well-settled judicial rule prohibits a finding of liability for negligence against those under four years of age. Johnson v. Butterworth, 180 La. 586, 157 So. 121 (1934). As to those not over four, the rule is one of law and does not turn on the particular circumstances of the accident or the intelligence and awareness of the child.[2]

■ In addition to the minor's responsibility for his own torts, parents are responsible for the damage occasioned by their minor children, Civil Code Art. 2318. However, despite the apparent strict liability imposed by Article 2318, the Louisiana courts have interpreted it to find parental liability only where *someone* is at fault, that is, where either the child is himself negligent or the parent has by some negligence of his own caused the damage. Civil Code Art. 237; Toca v. Rojas, 152 La. 317, 93 So. 108, 111 (1922); Johnson v. Butterworth, 180 La. 586, 157 So. 121 (1934); Phillips v. D'Amico, 21 So.2d 748, 750 (La.App. 1945).

Thus, given the rule of law that finds no liability in a child under four, we must ask whether this rule merely insulates a negligent child from financial liability for its actions, in which case the parents would be liable under Article 2318, or completely negates the possibility of the child being negligent, in which case the parents would be liable only if they were themselves negligent.

■ This question was considered by the Court in *Butterworth*, supra, and it concluded that the child could not in fact be negligent—since the Code affirmatively establishes liability on the part of minors for their torts, the jurisprudential exception for four-year olds could not be based on a release of the child from financial responsibility for his negligence but must be based on the belief that children of such tender years *cannot* be negligent. See also Boutte v. American Motorists Insurance Co., 176 So.2d 833, 835 (La.App.1965).

Because the Louisiana jurisprudence holds that this child cannot be negligent, then parental liability can be found only

1. There is a dispute as to whether the policy named as insureds, in addition to plaintiff's son, the son's children. Since the insurer, urging summary judgment, has not filed a copy of the policy with the Court, we must assume that it insured, as alleged by the plaintiff, both her son and his children.

1a. The original plaintiff left no surviving spouse and her son was her only surviving child; thus the cause of action survived only in favor of the son.

2. In Jackson v. Jones, 224 La. 403, 69 So.2d 729 (1953), the Louisiana Supreme Court extended the rule of non-liability for contributory negligence to a child of seven, but there made the extension "in the absence of a showing of extraordinary conditions." Thus at least between the ages of four and seven it may be possible to look at the facts of a particular case before establishing non-liability. In Basham v. Ohio Casualty Insurance Co., 106 So.2d 129 (La.App. 1958), it was said that in the absence of exceptional intellect a three-year-old cannot be guilty of contributory negligence. This would appear to let the Court look at the facts where three-year olds are involved; but we cannot accept this dicta of the Court of Appeals as changing the clear language in *Butterworth*.

if the parents themselves were negligent, under Codal Articles 2318 or 2315. The complaint here does not appear to allege negligence on the part of the parents, but we would certainly grant leave to amend to allege that negligence even though we doubt that, under the facts of this case, there could be a finding of negligence on the part of the parents for merely leaving the child with her grandmother. See Johnson v. Butterworth, supra, 157 So. at 129–30, and Fabre v. Lumbermens Mutual Casualty Co., 167 So.2d 448, 451 (La.App.1964).

■ However, even if an amended complaint alleged parental negligence, insofar as the allegation of negligence were directed at the father, summary judgment against it would have to be entered. Even though the suit by the grandmother is against an insurer, the real tortfeasor would be the father. After the grandmother's death the father was substituted as party-plaintiff. Under the Louisiana law of confusion, Art. 2217 and 2218 of the Civil Code and Dumas v. United States Fidelity & Guaranty Co., 241 La. 1096, 134 So.2d 45 (1961), the father being both plaintiff and defendant, the obligation is extinguished. In *Dumas* the Louisiana Supreme Court was faced with the following situation: husband was injured while riding in a car owned and operated by his wife and insured by U. S. F. & G.; the husband sued his wife's insurer for her negligence; the husband later died of injuries unconnected with the auto accident and the wife was ruled to be the proper person to be substituted as party-plaintiff. The defense of confusion was then raised and the wife's argument that she as substituted party-plaintiff was not suing herself as defendant but rather was suing the insurance company, was held unavailing, as the insurance company was allowed, as a surety under Art. 2218, to benefit from the confusion doctrine, just as its insured would have benefitted.

The only difference between the *Dumas* case and the one before us is that *Dumas* involved a suit by a husband against an insurer in a situation in which the husband could not have sued the actual tortfeasor wife because of her personal defense of coverture, whereas in the case before us there was no personal bar to a suit by the grandmother against the tortfeasor, her son. The personal defense available to the tortfeasor in the *Dumas* case is of no moment to the doctrine established there that an insurer can benefit by the confusion engendered when its insured, the real tortfeasor, becomes party-plaintiff. Dumas is precisely on point and thus even if the complaint were amended to allege negligence on the part of the father, it would have to fail for confusion. At this time, we do not find that such a clear bar exists to an action alleging negligence on the part of the mother. Thus, we will grant leave to the plaintiff to amend his complaint to allege negligence on the part of the mother if he believes the facts and the law warrant such an amendment.

■ The child not being negligent, the parents not being responsible for the acts of the child who was not negligent, and any claim based on negligence of the father being extinguished by confusion, then, apart from a claim based on negligence of the mother, the only theory remaining by which plaintiff can recover is that the defense raised by the four-year old child to her own negligence is a personal one not available to the insurer.

The Louisiana Direct Action Statute, LSA–R.S. 22:655, creates a cause of action in favor of injured persons which can be asserted directly against the liability insurer of a tortfeasor, regardless of the tortfeasor's non-joinder in the suit. The tortfeasor and the tortfeasor's insurer are considered co-debtors *in solido*. Civil Code Art. 2098 establishes those defenses which may be asserted by each co-debtor *in solido:*

"A codebtor *in solido,* being sued by the creditor, may plead all the exceptions resulting from the nature of the obligation, and all such as are personal to himself, as well as such are common to all the codebtors.

**426**

"He can not plead such exceptions as are merely personal to some of the other codebtors."

Thus the insurer may assert three types of defenses: (1) those resulting from the nature of the obligation; (2) those which are personal to the insurer; and (3) those which are common to all co-debtors; but the insurer is prevented from asserting as a defense one which is merely personal to the insured.

In determining whether the courts of Louisiana would classify the defense raised by the child of less than four years to a charge of negligence as one merely personal to her or as one resulting from the nature of the obligation, we first turn to the excellent analysis of real and personal defenses made by our predecessor in In Re Independent Towing Co., 242 F.Supp. 950 (E.D.La.1965) (the ITCO case), and Alcoa Steamship Co. v. Charles Ferran & Co., on reh. 251 F.Supp. 823 (E.D.La.1966) (the *Alcoa* case). In the *Alcoa* case at 830–31, the Court gave examples of numerous defenses which are considered personal under Louisiana law and are therefore not available to insurers. These include:

(1) parental immunity (styled "infancy" in the Alcoa opinion), LSA–R.S. 9:571; and see Rouley v. State Farm Mutual Automobile Insurance Co., 235 F.Supp. 786, 794 (W.D.La.1964) [3];

(2) coverture, Edwards v. Royal Indemnity Co., 182 La. 171, 161 So. 191 (1935), and Dumas v. United States Fidelity & Guaranty Co., 241 La. 1096, 134 So.2d 45, 50 (1961);

(3) charitable immunity, Lusk v. United States Fidelity & Guaranty Co., 199 So. 666 (La.App.1941);

(4) governmental immunity, Brooks v. Bass, 184 So. 222 (La.App.1938), cert. den. Nov. 28, 1938;

(5) interdiction, lunacy and bankruptcy, see Simmons v. Clark, 64 So.2d 520, 523 (La.App.1953) [4];

(6) shipowner's statutory limitation of liability, *ITCO.*

The Court in *Alcoa* saw that in all these "apparently varied 'personal' defenses, one common denominator is discernible —each person possessing a 'personal' defense obtained that defense because the law granted it to all members of his class as a matter of public policy. The personal defense attaches to the status. Hence, parents, children,[5] husbands, wives, governmental units, charitable organizations, bankrupts, lunatics, interdicts, vessel owners, and the like possess a defense denied their respective insurers."

The holding in the *Alcoa* case was that a *contractual* limitation of liability was not a personal defense but was available to the insurer as one growing out of the nature of the obligation even though *statutory* limitation of liability was only a personal defense. The distinction was made on the basis that the *statutory* protection was a *general* one for the benefit

3. *Rouley* held that, under the law of Louisiana, a tortfeasor's personal defense against an injured party, while available to that tortfeasor against a claim for contribution made by a joint tortfeasor, is not available to his insurer. Smith v. Southern Farm Bureau Casualty Insurance Co., 247 La. 695, 174 So.2d 122 (1965), while agreeing with *Rouley* that the defense is not available to the insurer, also denied it to the tortfeasor himself as against a joint tortfeasor's claim for contribution. Thus, while the holding in *Rouley* was undisturbed, important subsidiary dicta was overturned; however, the basic unavailability to the insurer of the tortfeasor's personal defense against the injured person, mentioned in *Rouley*, is undisturbed, and, in fact, reinforced.

4. *Simmons* also mentioned "infancy" as a personal defense, but in view of the analysis we make of the problem, we believe the Court had reference to the defense of infancy with respect to contractual obligations, under Civil Code Art. 1785, which is a 'personal' defense unavailable to a surety, under Civil Code Art. 3036.

5. Again, as in footnote 4, we believe the Court had reference to the infancy mentioned by the *Simmons* Court.

of a class, as a matter of public policy, whereas the *contractual* protection was only one arising out of the circumstances of the *particular* obligation.

What then is the jurisprudential protection of those under four years of age? At first glance at the theory espoused in *Alcoa,* this protection appears to adhere to a class, that is, those under four years of age, and thus should be called personal. But a more thorough look at the *Alcoa* theory reveals that in those defenses which are personal, a cause of action would exist but for the peculiar status of the defendant. As stated in Dumas v. United States Fidelity & Guaranty Co., 241 La. 1096, 134 So.2d 45, 52 (1961),

> "Under Article 2315, the tort victim has a substantive cause of action against the tortfeasor, be he stranger or spouse. The *cause* of action is in valid existence during marriage; * * * but it cannot be asserted as the law affords no appropriate remedy, or *right* of action, in such circumstances against the tortfeasor-spouse personally." (emphasis in original)

Can it be said that the injured grandmother had a *cause* of action against her grandchild and it was only her *right* of action that was barred? We think not. The law of Louisiana does not deny a *remedy* to one tortiously injured by a child, see discussion supra, paragraph 6 of this opinion; if it did, that defense would be personal to the minor, just as his defense of minority to a contractual obligation is personal. Rather, the Louisiana jurisprudence holds that a child under four years of age *cannot be negligent.* The analysis in *Butterworth,* supra, while directed to the derivative liability of the parent, is applicable to the derivative liability of the insurer—the Court there held inconsistent with the Civil Code articles establishing liability in minors for their torts any argument that the negligent child is merely not

financially responsible; rather, the non-responsibility of the four-year old is due to a *lack of negligence.* A four-year-old is not insulated from liability for his negligence but *is not negligent.* See also Boutte v. American Motorists' Ins. Co., 176 So.2d 833, 835 (La.App.1965). This protection, even though given to a class, is not given as a matter of public policy to protect that class or status, see quotation from the *Dumas* case, supra, by limiting the *remedies* available against that class or status, but rather is a substantive rule of negligence law. The rule is not "the four-year-old is negligent but is not responsible"; rather, the rule is "the four-year-old is not negligent." And, as stated by the Court in *Alcoa,* supra, at 831 of 251 F.Supp.

> "On the other hand, insurers may assert defenses which result from the nature of the obligation—contributory negligence, assumption of risk, confusion, collateral estoppel, and res judicata, for example".

A defense even more basic than those enumerated, and one not only arising from the nature of the obligation but also being the very essence of the obligation, is a denial of negligence. According to the anlaysis in *Butterworth* and our own analysis, the defense urged by the four-year-old is a denial of negligence, not a denial of financial responsibility for negligence. Since denials of negligence result from the nature of the obligation and under Article 2098 of the Civil Code are available to the insurer, the defense raised herein by the child under four years old is available to the insurer.

The motion for summary judgment in favor of defendant must be granted and this suit is dismissed, reserving to the plaintiff the right to re-open the action within thirty days by amending the complaint to allege negligence on the part of the mother if he believes the facts and the law so warrant.