ELLIS, Judge.
Plaintiffs herein, Bobby Verret and Donald R. Johnson, were employed by Payne & Keller of Louisiana, Inc., on a job at the plant of Placid Refining Company. Because there was reason to believe that there was drug possession, use and traffic on the plant premises during working hours, an undercover agent was procured, through the West Baton Rouge Parish Sheriff’s Office, to investigate. Chester Pritchett, Chief of the Narcotics Section of the Tangi-pahoa Parish Sheriff’s Office, was assigned to the job, and spent five weeks at the plant, posing as a worker while conducting the investigation.
At the conclusion of his investigation, he made a report and furnished a list of names of those he had reason to believe were involved in the possession, sale or use of marijuana on the premises. Plaintiffs were included on the list. All of the persons on the list were discharged “for cause.”
By this suit, plaintiffs allege the falsity of the charges levelled against them, and ask for damages arising therefrom. All parties defendant except for Mr. Pritchett and his insurer were dismissed from the suit, and trial on the merits was held as to those parties only. After trial, judgment was rendered in favor of defendants, dismissing plaintiffs’ suit, and they have appealed.
At the trial, both plaintiffs testified that they had never used, possessed or sold marijuana on the job. With respect to Mr. Johnson, Mr. Pritchett testified that on one occasion, he saw Mr. Johnson stuff a plastic packet of marijuana which had been sticking out of the pocket of another employee, down into the pocket, and that he was told by George Lott, from whom he had made a purchase of marijuana, that Mr. Johnson would “occasionally smoke during the noon break.”
With respect to Mr. Verret, Mr. Pritchett testified that on two occasions he saw him leave the grounds with two heavy users of marijuana, one of whom later told Mr. Pritehett that they had left in order to smoke marijuana. Mr. Verret’s name was not specifically mentioned.
The trial judge found that, under the above circumstances, Mr. Pritchett enjoyed a qualified privilege, and was not liable to plaintiffs.
In Toomer v. Breaux, 146 So.2d 723 (La. App. 3rd Cir. 1962), the court said:
“In other more numerous instances, a publication enjoys a “qualified” or conditional privilege, applicable if the communication is made (a) in good faith, (b) on any subject matter in which the person communicating has an interest or in reference to which he has a duty, (c) to a person having a corresponding interest or duty. This privilege arises from the social necessity of permitting full and unrestricted communication concerning a matter in which the parties have an interest or duty, without inhibiting free communication in such instances by the fear that the communicating party will be held liable in damages if the good faith communication later turns out to be inaccurate.”
We agree with the trial judge that there was a reasonable basis for defendant’s belief that plaintiffs were smoking marijuana on the job. This information had been communicated to him by others he knew to be similarly involved, and he had seen both plaintiffs associating with such persons. There can be no argument that defendant had an interest in the subject matter or that the persons to whom his report was communicated had a similar interest. We therefore find that defendant enjoyed the qualified privilege claimed for him.
*268 Plaintiffs also allege that, even if defendant’s report was qualifiedly privileged, the defense of privilege is personal to him, and cannot be employed by his insurer. We cannot agree. The defense of qualified privilege is not personal to defendant, but can be employed by anyone in a similar situation. “Personal defenses are such as infancy, interdiction, coverture, lunacy, bankruptcy and the like.” Simmons v. Clark, 64 So.2d 520 (La.App. 1st Cir. 1953). All of these involve some quality or status peculiar to the individual, which does not exist in this case.
The judgment appealed from is therefore affirmed, at plaintiffs’ cost.
AFFIRMED.