FOIL, Judge.
At issue in this case is whether parents may recover damages arising out of their son’s death against their own liability insurer, where the parents are legally at fault in causing the death. We hold that the parents may not recover damages in either a survival action or wrongful death action, and reverse the verdicts of the trial court and jury below.
FACTS
Plaintiffs, H.C. and Vera Doughty, husband and wife, brought these survival and wrongful death actions following the death of their son, Todd Doughty, against Insured Lloyds Insurance Company (Lloyds), their commercial liability insurer. The evidence shows that Mr. and Mrs. Doughty owned a lumber business, H.C. Doughty Lumber Co., operated as a sole proprietorship. On January 14, 1987, their son, Todd, was at the lumber company constructing a deer stand, standing near a wood planer. A company employee was feeding lumber into the planer when it suddenly ejected a piece of wood, which struck Todd in the chest. Todd died shortly thereafter.
Contending the wood planer was defective, Mr. and Mrs. Doughty sought coverage under a commercial general liability policy issued to them by Lloyds. The policy provides coverage for “those sums that the insured becomes legally obligated to pay as damages because of ‘bodily injury’ or ‘property damage’ to which this insurance applies.” The named insured on the policy is “H.C. Doughty, d/b/a H.C. Doughty Lumber Company.” The policy provides that the following persons are insured under it:
If you are designated in the Declarations as:
a. An individual, you and your spouse are insured, but only with respect to the conduct of a business of which you are the sole owner.
Lloyds denied coverage, contending that the Doughtys owned the wood planer which they asserted was defective and caused their son’s death, and therefore, they could not recover damages attributable to their own fault against their liability insurer.
At trial, plaintiffs put forth numerous witnesses on the issue of whether the wood planer was defective, as well as testimony to establish damages. Lloyds, however, did not put on any evidence, and instead reargued its position that the principle of *1235 confusion barred the Doughtys from recovering any damages. In response to special interrogatories, the jury found that H.C. Doughty had the sole custody of the planer, that the planer was defective, that no individual was negligent in causing Todd’s death, and that the defective planer was the sole cause of the death. The jury awarded plaintiffs $20,000.00 on the survival claim, but failed to award any damages on their wrongful death claims.
Subsequently, plaintiffs filed a motion for judgment notwithstanding the verdict, challenging the jury’s failure to award wrongful death damages. Noting the inconsistency in the jury’s award of survival damages, but refusal to award wrongful death damages, the trial court granted the JNOV. Specifically, the court ruled Mrs. Doughty could recover damages against Lloyds, finding she was not an insured under the policy, and noting that she was not found to be in custody of the planer (apparently considering her to therefore be free from legal fault). The court then ruled that Mr. Doughty could recover wrongful death damages because, although he was found to be the custodian and thus legally at fault under a strict liability theory, he was not negligent in causing the death, and therefore, was not barred from recovering damages against his own liability insurer.
Lloyds took this appeal, challenging the jury’s award in the survival action, and the trial court’s awards in the wrongful death action. Lloyds additionally raised issues regarding the jury’s finding that the planer was defective, the court’s assessment of costs and specific elements of damages. Because of our resolution of the coverage issue, we pretermit discussion of all remaining assignments of error.
COVERAGE
In determining whether coverage exists in this case, we accept the jury’s conclusion that the wood planer was defective, and that the defective planer was the sole cause of Todd Doughty’s death. We also accept the jury’s finding that Mr. Doughty had custody of the planer, and is therefore legally at fault under La.Civ. Code art. 2317, which imposes strict liability for defective things in one’s custody. We take issue, at the outset, with the trial court’s (apparent) conclusion that Mrs. Doughty is free from legal fault.
The evidence showed that the business was run as a community enterprise. Although Mr. Doughty did take part in the running of the mill, whereas Mrs. Doughty did not, they are co-owners of the mill and did not eliminate the legal regime of ac-quests and gains with respect to the running of the business or the ownership of its assets. The evidence established that the defective wood planer was purchased in 1984, during the existence of the community. There is nothing in this record to indicate Mrs. Doughty ever transferred her ownership interest in this planer to her husband. Under the law, Mrs. Doughty is a co-owner of the wood planer. La.Civ. Code arts. 2338, 2340.
As an owner of the defective planer, Mrs. Doughty is also legally at fault in causing her son’s death under La.Civ.Code art. 2317. The jurisprudence establishes that even if the owner transfers the possession of a thing that is structurally defective, the owner continues to have the garde or custody of the thing and is subject to liability under La.Civ.Code art. 2317 for harm caused by the defective thing. Ross v. La Coste de Monterville, 502 So.2d 1026 (La. 1987). As co-owners, Mr. and Mrs. Doughty share responsibility for its defective condition under La.Civ.Code art. 2317.
Having concluded that both plaintiffs were legally at fault in causing the death for which they now seek damages, we clearly reject any notion that they could recover wrongful death damages for the death of their son from their own liability insurer. Mr. and Mrs. Doughty are “insureds” under the policy, and the trial court erred in ruling that Mrs. Doughty is not an insured because she did not participate in the running of the business. The policy stipulates that Mr. Doughty and his spouse are insured, but only with respect to the conduct of the particular business. There is nothing in this language which *1236 would mandate that the spouse actively engage in the day to day operation of the business in order to qualify as an “insured” under the policy, as the trial court construed this provision. Rather, this provision merely reiterates that coverage is limited to those incidents arising out of the conduct of the insured business. If the incident for which coverage is sought arises out of the operation of the insured business, then Mr. Doughty and Mrs. Doughty are both insureds. As insureds under the policy, Mr. and Mrs. Doughty are in effect “suing themselves” in the wrongful death actions. In those claims, they are seeking their own personal damages, for which they are both legally responsible, against their own liability insurer. The trial court erred as a matter of law in granting the JNOV on the wrongful death claims.
With respect to the survival action damages, there is a distinction. Mr. and Mrs. Doughty are seeking those damages which their son could have recovered against Lloyds from the time of the injury until his death. However, even though wé find that Todd would have been able to maintain an action against Lloyds for his own damages, we conclude the jurisprudence forecloses recovery of those damages by his surviving parents, who are legally responsible for his death under La. Civ.Code art. 2317. In Lewis v. Till, 395 So.2d 737 (La. 1981), the Supreme Court, relying on Dumas v. United States Fidelity & Guaranty Company, 241 La. 1096, 134 So.2d 45 (1961), stated the principle that a parent cannot recover in a survival action, against his own liability insurer, any damages attributable to the parent’s own fault in causing the child’s death. In Dumas, a husband and wife were involved in an automobile collision, wherein the husband was seriously injured. The wife was at fault in causing the collision, and the husband sued her liability insurer. After filing suit, he died. The wife then sought to substitute as a plaintiff, and recover those damages which her husband could have recovered in a survival action. The court utilized two bases for denying recovery to the surviving spouse from her liability insurer. First, it would be violative of the public policy which prohibits one from reaping benefit from one’s own misconduct. Secondly, the Court applied the doctrine of confusion to bar the claim, finding that since the surviving spouse was legally at fault in causing her husband’s damage under La.Civ.Code art. 2315, the claim became extinguished by confusion because she would be both debtor and creditor on the debt owed.
Thus, under the jurisprudence and under La.Civ.Code art. 1903, which mandates that “[w]hen the qualities of obligee and obligor are united in the same person, the obligation is extinguished by confusion,” the Doughtys are barred from recovering damages in the survival action where those damages are attributable to their own fault. We reject the trial court’s position, and the plaintiffs’ argument, that liability under La.Civ.Code art. 2317 should be distinguished from negligence, in that it is a “no-fault” based liability, and should not bar recovery in this case, since, as a matter of policy, plaintiffs would not reap benefits from their own “misconduct.” Even were we to accept the proposition that the nature of the “fault” under a negligence or strict liability theory is distinguishable, thereby altering the policy considerations, the doctrine of confusion would nevertheless bar both the survival action and wrongful death claims, as Mr. and Mrs. Doughty would be both obligors and obligees on the amount recoverable.
Based on the foregoing, we hold that the Lloyds policy does not provide coverage on either the plaintiffs’ survival action or wrongful death claims. Accordingly, we reverse the jury’s award on the survival claim, and reverse the trial court’s judgment awarding plaintiffs damages on their wrongful death claims. All costs are assessed to plaintiffs.
REVERSED AND RENDERED
LANIER, J., agrees with the opinion and assigns additional reasons.