ON REHEARING
Before BROWN, CARAWAY, DREW, MOORE and LOLLEY, JJ.
BROWN, Chief Judge,
On Rehearing.
This court granted a rehearing in this case. The case was reargued. The facts are set forth in the original opinion. In May 2011, 89-year-old Evelyn Goers (“Evelyn”) was visiting her daughter, Lau-reen Mayfield, in Simsboro.[1] Ms. Mayfield owned four large Tibetan Mastiffs. Evelyn opened the back door of the house and was viciously attacked by the dogs. In May 2012, she filed this suit against Ms. Mayfield and her homeowners’ insurer, *5 State Farm, alleging negligence and strict liability.
In February 2015, Evelyn passed away. Her other daughter, Cheryl Goers, filed an amended petition substituting herself as plaintiff in lieu of her deceased mother. A month later, Ms. Mayfield also filed a motion to have herself substituted as plaintiff. The court allowed both substitutions.
State Farm filed an exception of no right of action, alleging that because Ms. Mayfield was now both a plaintiff and a defendant, confusion occurred and extinguished the obligation. La. C.C. art.1903. The trial court sustained the exception and dismissed Ms. Mayfield as a plaintiff and also as a defendant. Plaintiff, Cheryl Goers, appealed.' This court, with one dissent, affirmed. As stated, a rehearing with oral argument was granted. We now reverse the dismissal of Ms. Mayfield as a defendant in Ms. Goers’ action.
Ms. Mayfield was the sole tortfeasor and debtor, but she was not the sole creditor. The Louisiana Supreme Court case of Doughty v. Insured Lloyds Ins. Co., 576 So.2d 461 (La.1991), is on point.
In Doughty, the supreme court reversed the First Circuit, which had held, in Doughty v. Insured Lloyds Ins. Co., 563 So.2d 1233 (La.App. 1st Cir.1990), that both parents’ wrongful death and survivor claims arising out of the death of their son were extinguished by confusion. Specifically, the appellate court in Doughty, 563 So.2d at 1233, phrased the issue before it as whether both parents could recover damages arising out of their son’s death against their own liability insurer, where the parents were legally at fault in causing the death. The First Circuit found that, as insureds under the policy, Mr. and Mrs. Doughty were in effect “suing themselves” in the wrongful death and survival actions. In those claims, they sought their own personal damages, for which they were both legally responsible, against their own liability insurer. According to the appellate court, the claims became extinguished by confusion because both parents would be both debtors and creditors on the amounts recoverable. Doughty, 563 So.2d at 1236.
The First Circuit’s decision was reversed by the Louisiana Supreme Court as to Mrs. Doughty only, based upon the court’s finding that she was not a tortfea-sor and thus was not precluded from recovering from defendant for her wrongful death and survivor claims. Doughty, 576 So.2d at 465.
In Lewis v. Till, 395 So.2d 737 (La.1981), the supreme court held that the negligence of the wife in causing the death of the couple’s son was not imputed to the husband and would not bar recovery by him in an action brought against their homeowners’ insurer for general damages or in a survival action brought on behalf of the child.
The trial court kept State Farm as a defendant in Ms. Goers’ action. We note State Farm’s concession that under the Direct Action Statute, Ms. Goers’ claim against the homeowners’ insurer is valid. We affirm that ruling. We find, however, that- it is disingenuous to state that Ms. Goers can maintain her action against the insurer, State Farm, but not against the tortfeasor. Further, the order dismissing Ms. Mayfield as plaintiff and defendant dealt exclusively with Ms. Mayfield bringing suit against herself. It was not understood as a dismissal of Ms. Goers’ claims against State Farm and its at-fault insured, Ms. Mayfield.
We reverse and reinstate Ms. Goers’ action against the tortfeasor, Ms. Mayfield, and remand the matter for trial.
MOORE, J., dissents for the reasons assigned in his majority opinion rendered January 13, 2016, and assigns additional reasons.

. Her name is misspelled "Lorene” in the original petition.