ELLIS, Judge.
This suit arises out of an accident which happened on September 7, 1966, at the intersection of Old Hammond Highway and Palmetto Road, near Walker, Louisiana, in Livingston Parish. The accident involved ■a pick-up truck, owned by Petty Walker and operated by his wife, Ernestine Le-Blanc Walker, and a pick-up truck owned and operated by Tully B. Milton. Darrell Lynn Walker, age eight, and Loretta Gayle Walker, age two, were guest passengers in their parents’ vehicle. Plaintiffs herein are Mr. Walker, individually, for property damage and medical expenses, and on behalf of his minor children for their personal injuries, and Mrs. Walker for her personal injuries. Defendants are Mr. Milton and Allstate Insurance Company, his insurer. Defendants third partied Mr. and Mrs. Walker as solidarily liable for any damages they might have to pay to the children.
After trial on the merits, judgment was rendered in favor of plaintiffs and against defendants, and defendants have appealed.
Palmetto Road forms a “T” type intersection with Old Hammond Highway. At the time of the accident, there were no signs on Old Hammond Highway warning of the intersection, and no yellow lines on the surface of the road to prohibit passing. However, Mrs. Walker admitted that she was familiar with the existence of the intersection.
The accident happened when Mr. Milton attempted a left turn from the Hammond Highway into Palmetto Road, and was involved in an accident with Mrs. Walker, who was in the act of passing him.
According to Mr. Milton, he stuck out his arm about 30 feet before he began his turn. He testified that he thought Mrs. Walker was far enough behind for him to make his turn in safety. His testimony in this respect is confused, since at one point he places her car some 250 feet east of the intersection when he began his turn, and at another point seems to have been aware that she had begun her passing maneuver when he started his turn.
Mrs. Walker testified that she pulled out to pass Mr. Milton, and that as her front end drew even with his rear, he suddenly stuck out his arm and began his turn. She applied her brakes, but was unable to avoid the accident.
Mr. Milton’s negligence is evident. R.S. 32 :104(B) requires that a turn signal be given continuously during the last 100 feet before turning. Further, R.S. 32:-104(A) requires that no turn shall be made at an intersection until it can be made with reasonable safety. Our courts have consistently held that a left turning driver must not only give a proper signal, but must observe both approaching and following traffic, and not attempt the turn *568 until it can be done in safety. Fontenot v. Pan American Fire & Casualty Company, 209 So.2d 105 (La.App. 3 Cir. 1968).
Defendants claim that Mrs. Walker was also negligent in attempting to pass within 100 feet of an intersection in violation of R.S. 32:76(A) (2), which provides:
“A. No vehicle shall at any time be driven to the left side of the highway under the following conditions:
* * * * * *
“(2) When approaching within one hundred feet of or traversing any intersection or railroad grade crossing.”
Obviously, if the accident happened at an intersection within the meaning of R.S. 32:76(A) (2), Mrs. Walker would be guilty of negligence per se in the violation thereof. Under the doctrine of Dixie Drive It Yourself Sys. New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), if the accident which happened in this case was among the things which the statute was designed to prevent, her negligence in that respect would be a cause-in-fact of the accident, and bar her recovery.
As pointed out in the Fontenot case, supra, not every highway junction is an intersection within the meaning of the act. However, in this case, we find that Old Hammond Highway is a blacktop highway 22 feet in width and Palmetto Road is a blacktop highway 20 feet in width. From the photographs in the record, we find it to be readily observable to an approaching motorist. Further, Mrs. Walker was aware of the road. We find this junction to be an intersection within the meaning of the law.
Finally, Mrs. Walker claims the benefit of the doctrine of last clear chance on the basis that Mr. Milton knew she was executing her passing maneuver when he began his left turn. She claims that she was then in a position of peril from which she was unable to extricate herself, and that Mr. Milton knew of it when he still had the means at his disposal to avoid the accident, citing Cassar v. Mansfield Lumber Co., Inc., 215 La. 533, 41 So.2d 209 (1949).
We find no merit in this contention. The import of Mr. Milton’s testimony is that he was of the impression that Mrs. Walker was a sufficient distance behind him to permit him to turn in safety. Further, we are of the opinion that the controlling law in the case is as set forth in the Dixie Drive It Yourself case, supra, which does not permit one in Mrs. Walker’s position to escape liability because of the intervening negligence of another.
It is apparent that had either of the parties to this case fulfilled the duty imposed on them by law, this accident would not have happened. We find both parties to the accident to be guilty of negligence proximately causing the accident. Since Mrs. Walker was on a community mission at the time of the accident, her negligence is imputed to her husband, and precludes his recovery.
An award of $200.00 was made for the injuries suffered by Darrell Walker, and no complaint is made as to the amount awarded. Since Mr. Milton was guilty of negligence proximately causing the accident, defendants are liable. However, defendants are entitled to. judgment on their third party demand against Mr. and Mrs. Walker.
The judgment appealed from is therefore reversed insofar as it allows recovery in favor of Petty Walker, individually, and Ernestine LeBlanc Walker, and there will be judgment herein dismissing their suit against defendants. The judgment appealed from is affirmed insofar as it awards judgment in favor of Petty Walker on behalf of Darrell Walker in the sum of $200.00. There will be further judgment in favor of Tully B. Milton and Allstate Insurance Company, as third party plaintiffs and against Petty Walker and Ernestine LeBlanc Walker as third party de *569 fendants for one half of all amounts they must pay to Petty Walker on behalf of Darrell Walker. All costs in the court below are to be paid by defendants. All costs of this appeal are to be shared equally by the parties hereto.
Reversed in part, affirmed in part, and rendered.