CULPEPPER, Judge.
This is a suit for damages arising out of an automobile accident. An automobile driven by Mrs. Joyce Letulier was making a left turn at an intersection in Lafayette. It was struck by an automobile owned by Mrs. Paula R. Simon and being driven by Greene W. Hicks, her 15 year old son.
The plaintiff, Mrs. Eula Segura, was a passenger in the Letulier vehicle. She and her husband, Allen Segura, filed suit against (1) Maryland Casualty Company, the insurer of the Letulier vehicle, (2) Paula R. Simon and (3) Huey Simon, respectively the mother and step-father of Greene W. Hicks, and (4) Aetna Casualty & Surety Company, the insurer of the Simon vehicle.
Mr. and Mrs. Simon and Aetna Casualty & Surety Company filed a third party demand against Mr. and Mrs. Letulier. An exception of no cause of action to the third *629 party demand was sustained on the grounds that it sought complete indemnity, rather than contribution, from third party defendants.
The district judge found both drivers negligent. He rendered judgment in favor of Mr. and Mrs. Segura against both insurers, Huey Simon, Paula Roy Simon and Greene W. Hicks. All defendants except Maryland Casualty Company appealed. Plaintiffs answered the appeal, seeking an increase in the award.
The issues on appeal are: (1) Was Mrs. Joyce Letulier negligent? (2) Was Greene Hicks negligent? (3) Did the trial court err in sustaining the exception of no cause of action to the third party demand? (4) Is the quantum of the award inadequate ?
GENERAL FACTS
The accident occurred at the intersection of West Congress Street, which runs east and west, with Felicia Street, which runs north and south. Both streets are of blacktop construction, each containing two traffic lanes in opposite directions. The speed limit is 25 miles per hour. It was about noon and weather was not a factor.
Mrs. Letulier was driving on West Congress Street in a westerly direction at a speed of about 25 miles per hour, intending to turn left on Felicia Street. She says that when she approached the intersection, she looked ahead and saw no vehicles approaching on West Congress, so she slowed to 10 or 15 miles per hour and commenced her left turn. The front of her automobile had almost reached the south line of West Congress Street when it was struck violently by the automobile being driven by Greene Hicks on West Congress Street in an easterly direction. The left front of the Hicks’ vehicle struck the right front of the Letulier automobile.
NEGLIGENCE OF MRS. LETULIER
Mrs. Letulier testified she did not see the Hicks’ vehicle before the impact. It was obviously approaching a short distance away, and she should have seen it. Of course, she had the duty to yield the right of way to any oncoming vehicle on West Congress before commencing her left turn. Mrs. Letulier is negligent for failing to keep a proper lookout and failing to yield the right of way, LSA-R.S. 32:104 (A). Therefore, her liability insurer, Maryland Casualty Company, is liable on the principal demand to the extent of its coverage, which is $5,000 for each person and $10,000 for each accident.
NEGLIGENCE OF GREENE W. HICKS
Hicks was driving his family’s automobile in an easterly direction on West Congress Street. He was accompanied by three other youths. Hicks testified he was going between 25 and 30 miles per “hour when he saw Mrs. Letulier suddenly initiate a left turn across his path about 45 feet ahead. He applied his brakes and cut to the right but was unable to avoid the collision.
The evidence convinces us, as it did the district judge, that Hicks was driving at least 40 miles per hour in a 25 miles per hour zone, and that his excessive speed was a legal cause of the accident.
The physical evidence shows that the vehicle driven by Hicks left 38 to 40 feet of skidmarks to the point of impact, and there was a violent collision. The Letulier automobile was pushed to the east 12 or 15 feet.
Mr. L. L. Denson, an engineer who qualified as an expert in accident reconstruction, estimated the speed of the Hicks vehicle at a minimum of 40 miles per hour and said that he was probably going 45 or 50 miles per hour at the time he applied his brakes. He estimated the vehicle was 'going about 28 miles per hour at the time of impact.
Counsel for Mr. and Mrs. Simon and Aetna Casualty & Surety Company argue *630 that even assuming Hicks was exceeding the speed limit, this was not a cause in fact of the accident. This argument has no merit. We agree with the testimony of Mr. Denson and the holding of the trial judge in his written opinion that if Hicks had been driving within the speed limit of 25 miles per hour, he should have been able to stop after observing Mrs. Letulier commence her left turn. Hicks’ testimony that he was 45 feet from Mrs. Letulier when she commenced her turn is obviously incorrect, since his vehicle left 38 to 40 feet of skidmarks and then was involved in a violent collision.
We find Greene Hicks was guilty of negligence which was a legal cause of the accident. Aetna and Mr. and Mrs. Simon are liable in solido with Maryland Casualty Company to Mr. and Mrs. Segura on the principal demand.
THE THIRD PARTY DEMAND
Mr. and Mrs. Letulier were not named as defendants in the principal demand by Mr. and Mrs. Segura. The defendants, Huey Simon, Mrs. Paula R. Simon and Aetna Casualty & Surety Company, filed a third party demand against Mr. and Mrs. Letulier. They alleged Mrs. Le-tulier’s negligence was the sole cause of the accident, and since she was on a community mission her husband is also liable. The original third party demand prayed “for such damages as may be incurred by third party plaintiffs as a result of the principal demand and for all costs of these proceedings.”
On the day the trial commenced, Mr. and Mrs. Letulier filed an exception of no cause of action to the third party demand on the grounds that it prayed for indemnity rather than contribution from joint tort feasors. The district judge referred the exception to the merits. On the second day of the trial, the third party plaintiff filed an amending petition alleging the respective parties are joint tort feasors and praying for contribution. The district judge signed the order allowing the amended petition to be filed.
The district judge sustained the exception of no cause of action on the grounds that the third party demand does not allege that the respective parties are joint tort feasors liable in solido on the principal demand. He does not mention the amended petition.
Third party plaintiffs cite Cuccia v. Pratt Farnsworth, Inc., 155 So.2d 41 (La.App. 4th Cir. 1963) for the proposition that although a third party demand seeks full indemnity, this is an error of law and will be treated as a demand for contribution where the third party defendants are clearly alleged to be joint tort feasors.
We find it unnecessary to rely on the Cuccia case. In the present case the amendment to the third party demand corrected any deficiency. LSA-C.C.P. Article 1033 provides that an incidental demand may be filed without leave of court up to the time the answer to the principal demand is filed, and thereafter, with leave of court, if it will not retard the progress of the principal action. In the present case, the filing of the amendment did not retard the progress of the principal action. The trial judge correctly signed the order allowing it to be filed. In the alternative, the amended petition alleges solidary liability and prays for contribution. This states a cause of action for the third party demand.
We conclude the exception of no cause of action to the third party demand must be overruled. This means that as between the respective solidary debtors, each is liable only for his virile portion of the obligation, and is entitled to contribution under LSA-C.C. Article 2103, the liability of Maryland Casualty Company being limited of course to its coverage of $5,000 for each person and $10,000 for each accident.
*631 THE QUANTUM OF THE AWARD
The district judge awarded Mrs. Segura $24,500 itemized as follows:
1. Loss of past and future income as operator of a beauty shop, $100 per month for 5 years $ 6,000.00
2. Fracture of right ankle and resultant disability 12,500,00
3. Pain and suffering from the ankle injury 5,000.00
4. Pain and suffering from mild cervical strain 1,000.00
TOTAL $24,500.00
In plaintiffs’ answer to the appeal they contend first that the award for loss of past and future earnings of Mrs. Segura is inadequate. The evidence shows Mrs. Segura operated a beauty shop in her home and earned average net profits of $290 per month. For the seven months immediately following the accident, she was totally incapacitated but managed to keep the business going by hiring her cousin, to whom she had to pay one-half of the gross profits, which resulted in Mrs. Segura netting only about $120 per month during this time. As to future earnings, Mrs. Segura was 29 years of age at the time of the accident with a work expectancy of about 33 years. She will be disabled to some extent because of the discomfort in her ankle on standing for long periods of time, but the expert medical testimony is inconclusive as to the exact extent and duration of this disability. Looking at the evidence as a whole, we are unable to say the trial judge was manifestly erroneous in the award for loss of earnings.
Plaintiffs next contend the general awards for pain, suffering and disability are insufficient. Mrs. Segura suffered fractures of three bones in the right ankle an4 the usual tissue damage. After the swelling subsided, open reduction of the fractures with steel screws was performed. She was in the hospital nine days, then in a short leg cast for six or seven months, following which she was on crutches for two or three months. She then returned to work. Her estimated permanent disability of the ankle is 15 to 18 per cent. In addition to the ankle injury, Mrs. Segura suffered a mild cervical sprain and contusions to the right hip and leg from which she recovered in a few weeks. At the time of trial she still had pain and the prognosis is for some pain and disability the rest of her life. We find the award for pain and suffering in the ankle, past and future, is clearly inadequate and must be increased from $5,000 to $10,000. The judgment will be amended accordingly.
Plaintiffs also contend that the trial judge should have awarded $5 per day, a total of $1,050, which Mr. and Mrs. Segura say they paid various members of their family for helping with household chores during the time Mrs. Segura was totally disabled. The district judge found the proof insufficient to show that this amount was actually paid to these relatives. We find no manifest error in this regard.
DECREE
For the reasons assigned, we reverse and set aside that part of the judgment appealed which sustains the exception of no cause of action and dismisses the third party demand. It is now decreed that the exception of no cause of action to the third party demand is overruled. It is further ordered, adjudged and decreed that there be judgment herein in favor of third party plaintiffs, Huey Simon, Paula Roy Simon, and Aetna Casualty & Surety Company, and against the third party defendants, Merlin Letulier and Joyce Mae Letulier, recognizing and enforcing third party plaintiffs’ right to contribution against third party defendants under LSA-C.C. Article 2103. The judgment is amended so as to increase the total award to Mrs. Se-gura from the sum of $24,500 to the sum of $29,500. Otherwise than as herein reversed and amended, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants appellants.
Reversed in part, affirmed as amended in part.
*632 MILLER, J., concurs in part and dissents in part. Written reasons are assigned.